FORET, Judge.
Defendant, TG & Y Stores Company, brings this appeal from a judgment of the trial court finding it liable for injuries suffered by plaintiff, Mrs. Kathleen Thompson, in a fall that occurred in defendant’s store. The trial court found that the accident and resulting injuries were caused solely by the negligence of defendant and awarded Mrs. Thompson $11,875.38 for medical expenses and $60,000 in general damages.
The issues on appeal are:
(1) Did the trial court err in its determination that the negligence of defendant’s employees was the sole cause of Mrs. Thompson’s injuries.
*896 (2) Was the trial court’s award of $60,-000 in general damages excessive.
FACTS
On December 4, 1979, while shopping in defendant’s store, Mrs. Thompson tripped over a box that had been left in the aisle by one of defendant’s employees. The box which was full of pillow cases was approximately twelve inches long by six inches wide by six inches high. Mrs. Thompson did not see the box because her attention was directed toward merchandise oh display.
As a result of her fall, Mrs. Thompson, who was 82 years old at the time of the accident, sustained a fracture of the neck of the right femur just below the hip socket. Surgery was performed under general anesthetic to replace the ball of the right hip with a prosthesis. The operation involved the removal of the ball and its replacement with a metal ball and spike which was inserted in the bone marrow of the femur. The hip socket had to be reamed out so that it would accept the metal ball. Mrs. Thompson was hospitalized for thirteen days.
Mrs. Thompson recovered well from the operation but continued to experience pain in her hip. In June of 1980, approximately six months after the operation, x-rays revealed a loosening of the spike in the bone marrow. Over the next few months, her pain increased, and x-rays revealed a continuing loosening of the spike. In January of 1981, slightly over a year after the accident, Mrs. Thompson’s orthopedic surgeon recommended a complete hip replacement. This operation was performed on January 28, 1981. The original prosthesis was removed and replaced with another metal ball and spike that was cemented in place. To accept the metal ball, a plastic socket was inserted inside of the hip socket. She was hospitalized for fifteen days after surgery.
Mrs. Thompson continued to experience some pain. Signs that the prosthesis might again be loosening were confirmed by x-rays in October of 1981. Her surgeon recommended against an operation to correct this problem. Another surgeon, consulted for a second opinion, concurred in this recommendation. At trial, Mrs. Thompson’s surgeon testified that the problem with the prosthesis would not improve with time and could possibly worsen.
Before the accident, Mrs. Thompson was in excellent health for a woman of her age. She was extremely active in church and civic work. Her friends depended upon her to drive them and herself to concerts, social events, and on out-of-town trips. Since the accident, she no longer drives. She can no longer sit through church services. Because of the pain in her hip and a feeling of instability caused by the loose prosthesis, she uses a walker. Daily activities such as dressing have become difficult. The evidence indicates that as a result of the accident, there has been a substantial change in the quality of Mrs. Thompson’s life.
NEGLIGENCE OF THE DEFENDANT
The trial court found that defendant, through the actions of its employees, was negligent, and that its negligence was the sole cause of Mrs. Thompson’s accident and resulting injuries. We find no error in this determination of the court. A store owner owes his customers an affirmative duty to use ordinary care to keep the aisles and passageways of his store in a reasonably safe condition. Ferrington v. McDaniel, 336 So.2d 796 (La.1976); Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975). Self-service stores require shoppers to keep a lookout for goods which they wish to purchase. Displays of items in stores entice them to focus their attention on the displays rather than on the surface along which they walk. Kavlich v. Kramer, supra. In the present case, the defendant breached its duty to keep the aisles in a reasonably safe condition. Defendant’s employees left a box in the aisle of defendant’s store. Because of its size, this box was difficult to see, and thus created a hazard for an unsuspecting shopper. The accident that resulted could have easily *897 been contemplated as a possible, if not probable, result of defendant’s lack of care.
Defendant’s contention that Mrs. Thompson was contributorily negligent is without merit. Mrs. Thompson’s actions were those of a reasonably prudent shopper. She was not negligent in attending to items on display at the time of the accident. She had no reason to expect that the defendant would place an obstacle in her path.
Since the negligence of defendant was the sole cause of plaintiff’s accident, defendant is liable to Mrs. Thompson for injuries she received.
QUANTUM
The trial court awarded Mrs. Thompson $11,875.38 in special damages and $60,000 in general damages. Defendant contends that the court’s award of general damages was excessive. We disagree.
The evidence clearly shows that the accident resulted in a substantial change in the quality of Mrs. Thompson’s life. Before the accident, she was, for her age, in excellent health and exceptionally active. Since the accident, her activities have been severely limited and she continuously suffers pain. The trial court’s award of $60,000 in general damages was not excessive.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.