STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-645

AMANDA BROUSSARD

VERSUS

FAMILY DOLLAR STORE, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2004-3222,
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

MICHAEL G. SULLIVAN
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese, Judges.

AFFIRMED.

James P. MacManus
Attorney at Law
Post Office Box 4708
Lafayette, Louisiana 70502-4708
(337) 234-1720
Counsel for Plaintiff/Appellee:
        Amanda Broussard

Matthew J. Ungarino
David I. Bordelon
Ray F. Lucas, III
Ungarino & Eckert
3850 N. Causeway Blvd., Suite 1280
Metairie, Louisiana 70002
(504) 836-7565
Counsel for Defendants/Appellants:
        Family Dollar Store
        Family Dollar Stores of Louisiana, Inc.
        Constitution State Service Company

**Glenn J. Armentor**
**Jeremy J. Suire**
**Glenn Armentor Law Corporation**
**300 Stewart Street**
**Lafayette, Louisiana  70501**
**(337) 233-1471**
**Counsel for Intervenor/Appellee:**
     **Glenn Armentor Law Corporation**

SULLIVAN, Judge.

Amanda Broussard sued Family Dollar Store, claiming she injured her right arm and knees when she fell at one of its stores in Lafayette, Louisiana. Following a bench trial, the trial court granted judgment in her favor, assigning 100% fault to Family Dollar Store and awarding her damages. Family Dollar Store appeals. We affirm.

*Facts*

Ms. Broussard testified that she and her friend, Nicole Brasseaux, went to Family Dollar Store on July 1, 2003, to purchase laundry detergent and a couple of other items. When they were at the register checking out, Ms. Brasseaux's five-year-old son, who had been in the car with his two siblings and Ms. Broussard's two children, approached Ms. Broussard and told her that he had kicked one of her children. After delivering this information, the youngster darted toward the rear of the store. Ms. Broussard turned and reached out to stop him. As she did, she stepped into a hand-held shopping basket that was at her feet and fell to her hands and knees. During her fall, she cut her right arm on a display rack adjacent to the checkout area; her right knee landed in one of the baskets and broke the items in it. Ms. Broussard testified that there were two or three hand-held shopping baskets on the floor which contained merchandise like that displayed on the display rack. She did not remember if she had seen the baskets before her fall. Ms. Brasseaux's testimony corroborated Ms. Broussard's description of her accident. In addition to the cut on her arm, Ms. Broussard suffered injuries to her knees.

Derron Blaire was operating the cash register when Ms. Broussard fell. His testimony also corroborates Ms. Broussard's description of how her accident occurred. However, he testified that he did not see anything on the floor after the

accident, that only gum and candy were on the display unit behind the cash register, and that merchandise for that display unit is kept under the registers.

The trial court found it was more probable than not that there were baskets with merchandise in them near the register and that the baskets were placed there by a Family Dollar Store employee. The trial court assigned 100% fault for the accident to Family Dollar Store and awarded Ms. Broussard $6,000.00 in general damages, $200.00 for lost wages, medical expenses in the amount of $2,753.74, and litigation costs of $315.41.

Family Dollar Store appeals, arguing the trial court's determination is wrong for two reasons: 1) the trial court should have assessed Ms. Broussard with some fault for the accident because she lunged for the child, even though she knew there were baskets on the floor at her feet and 2) the trial court erred in finding Ms. Broussard satisfied her burden of proof under La.R.S. 9:2800.6.

### Standard of Review

Appellate courts review factual determinations of the trial court pursuant to the manifest error–clearly wrong standard, which precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Driscoll v. Stucker,* 04-589 (La. 1/19/05), 893 So.2d 32. The apportionment of fault is a finding of fact and, therefore, also subject to the manifest error–clearly wrong standard of review. *Clement v. Frey*, 95-1119 (La. 1/16/96), 666 So.2d 607.

2

## Discussion

### Apportionment of Fault

Family Dollar Store assigns as error the trial court's determination that Ms. Broussard was free of comparative fault. Family Dollar Store claims that Ms. Broussard admitted she saw the baskets on which she fell. However, Family Dollar Store erroneously attributes the testimony of Ms. Brasseaux to Ms. Broussard as support for its statement that Ms. Broussard admitted seeing the baskets before she fell. Ms. Broussard testified at trial that she did not remember seeing the baskets, and she testified in her deposition that she did not see the baskets before she fell. The trial court accepted her testimony on this issue.

Family Dollar Store also cites an allegation from Ms. Broussard's petition as an admission that she saw the baskets or was distracted before the accident. In her petition, Ms. Broussard alleged "plaintiff was distracted and momentarily overlooked the presence of the faulty basket." This is not an admission that Ms. Broussard saw the baskets. While it is an admission that Ms. Broussard was distracted, this is probably true in every case filed pursuant to La.R.S. 2800.6, i.e., the plaintiff did not see whatever was on the floor that caused her accident because her attention was attracted to the merchandise she sought or was perusing. This is the basic premise for merchant liability in slip and fall cases.

The trial court inferred from Ms. Broussard's and Ms. Brasseaux's testimony that the baskets, which they testified contained merchandise like that displayed on the unit where the baskets were situated, were placed there by Family Dollar Store employees. This inference is logical.

3

We have considered the evidence in light of factors outlined in *Watson v. State Farm Fire & Casualty Insurance Co.,* 469 So.2d 967 (La.1985) and find no error with the trial court's assessment of fault. The trial court reasonably concluded that the baskets were placed on the floor by a Family Dollar Store employee. The trial court evidently also concluded that Ms. Broussard's failure to observe the baskets was reasonable. We agree. Whether she carried her purchase in her arms or placed them in a basket, it is reasonable to believe that her purchases blocked her view of the baskets. The trial court's finding that Ms. Broussard was not at fault is not clearly wrong. *Brown v. Brookshire's Grocery Co.*, 38,216 (La.App. 2 Cir. 3/12/04), 868 So.2d 297.

### Louisiana Revised Statute 9:2800.6

Family Dollar Store next argues that the presence of the two or three baskets in the aisle does not rise to the level of a hazard. Merchants have a duty to exercise reasonable care to keep the aisles, passageways, and floors of their premises in a reasonably safe condition. La.R.S. 9:2800.6(A). This duty includes a reasonable effort to keep the premises free of hazards which reasonably might give rise to damage. *Id.*

The trial court's determination that the baskets were a hazard as contemplated by La.R.S. 9:2800.6 is not error. As previously indicated, a shopper's attention is usually directed to merchandise, not the floor. *See Arch v. Great Atlantic & Pacific Tea Co.*, 477 So.2d 896 (La.App. 4 Cir. 1985) and *Thompson v. TG & Y Stores Co.,* 448 So.2d 895 (La.App. 3 Cir. 1984). Something on the floor which may cause a shopper to trip and fall when her attention is directed toward her purchases is a hazard. *Id.*

4

***Disposition***

The judgment of the trial court is affirmed.  All costs are assessed to Family Dollar Store.

**AFFIRMED.**