# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## CA 06-638 consolidated with CA 06-639


**JOSEPH JACOBS, SR., ET AL.**

**VERSUS**

**SAFEWAY INSURANCE COMPANY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2004-5896-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**BILLY HOWARD EZELL**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


**REVERSED.**



**Keith Michael Borne**
**Borne, Wilkes & Brady**
**P. O. Box 4305**
**Lafayette, LA 70502-4305**
**(337) 232-1604**
**Counsel for Defendants/Appellees:**
**Safeway Insurance Company**
**Unopened Succession of Panzy Dixon Burnett**

**James Thompson Lee**
**P. O. Box 1021**
**Bunkie, LA 71322**
**(318) 346-6616**
**Counsel for Plaintiffs/Appellees:**
**Joseph Jacobs, Sr.**
**Joseph Jacobs, Jr.**
**Joemont'e Jacobs**

**Rodney Marchive Rabalais**
**Rabalais  & Roy**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**Counsel for Defendant/Appellee:**
**Melancon Funeral Home**

**Kerry Lyndon Spruill**
**P.O. Box 105**
**Marksville, LA 71351**
**(318) 253-8376**
**Counsel for Defendant/Appellee:**
**Derek Coleman**

**Michael Sheldon Koch**
**Neblett, Beard & Arsenault**
**Post Office Box 1190**
**Alexandria, LA 71309-1190**
**(318) 487-9874**
**Counsel for Defendant/Appellee:**
**Valerie Roy**

**Bonita K. Preuett-Armour**
**Armour Law Firm**
**P. O. Box 710**
**Alexandria, LA 71309**
**(318) 442-6611**
**Counsel for Defendants/Appellants:**
**State Farm Mutual Auto Insurance Company**
**Felicia Benjamin**

**Jeffrey Scott Ingram**
**Attorney at Law**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 443-4090**
**Counsel for Defendant/Appellee:**
**Mar-Dan Enterprises**

**EZELL, JUDGE.**

Felicia Benjamin and State Farm Mutual Automobile Insurance Company appeal the decision of the trial court finding Ms. Benjamin to be fifty percent at fault for an auto accident involving a drunk driver. For the following reasons, we reverse the decision of the trial court.

This case involves an automobile accident that occurred on June 28, 2003 on U.S. Highway 71 south of Cheneyville. Ms. Benjamin was driving south on Highway 71 through Cheneyville with her boyfriend, Derek Coleman, when she came upon the car of Panzy Burnett. In the vehicle with Ms. Burnett were Latanya Pearson and Valerie Roy. Ms. Benjamin passed Ms. Burnett's car and continued south, setting her cruise control around sixty miles per hour. Approximately two miles later, Ms. Burnett's vehicle tried to pass Ms. Benjamin. However, Ms. Burnett, who was legally intoxicated at the time, failed to remain in the northbound (passing) lane and sideswiped Ms. Benjamin. Ms. Burnett struck Ms. Benjamin twice before passing in front of her vehicle and ran off the road into a ditch. The collision with the ditch caused Ms. Burnett's vehicle to flip. The Burnett vehicle eventually hit a utility pole with such force that it wrapped around the pole and spun one hundred eighty degrees around it. Ms. Burnett and Ms. Pearson were killed. Ms. Roy was thrown from the vehicle and suffered serious injuries.

Joseph Jacobs, Sr., filed this suit on behalf of his sons, Joseph, Jr., and Joemont'e, for the wrongful death of their mother, Ms. Pearson. Ms. Roy instituted another, consolidated action to recover for the injuries she incurred. Suit was brought against Ms. Benjamin and State Farm, Ms. Burnett's insurer, Safeway Insurance Company, and the unopened succession of Ms. Burnett. Trial proceeded against Ms. Benjamin and State Farm only. Despite stipulations that the damages suffered by all

1

Plaintiffs were each under $50,000.00, the trial court awarded each of the Jacobs children $150,000.00. Ms. Roy was awarded $165,000.00 in general damages and $56,896.72 in special damages. The trial court held that fault for the accident was fifty percent to Ms. Burnett and fifty percent to Ms. Benjamin. The trial court then reduced the awards to $50,000.00. Ms. Benjamin and State Farm appeal this decision, assigning several assignments of error. However, because we find merit in their first assignment of error, that the trial court erred in determining Ms. Benjamin was fifty percent at fault for the accident, we need not address the remaining assignments of error.

Apportionment of fault is a finding of fact and is, therefore, reviewed pursuant to the manifest error-clearly wrong standard of review. *Broussard v. Family Dollar Store*, 05-645 (La.App. 3 Cir. 12/30/05), 918 So.2d 1148, *writ denied*, 06-303 (La. 4/28/06), 927 So.2d 287. This standard, which is based upon the reasonableness of the factual findings in light of the record reviewed in its entirety, is well established in our jurisprudence following the seminal cases of *Rosell v. ESCO*, 549 So.2d 840 (La.1989), and *Stobart v. State, through Department of Transportation and Development*, 617 So.2d 880 (La.1993). We find, that based on the record as a whole, the decision of the trial court was clearly wrong.

The physical evidence and expert testimony clearly establish that Ms. Benjamin remained at all times in her correct travel lane, while Ms. Burnett failed to do so. According to Trooper Jason Martell, yaw marks and debris found on the road establish that the point of impact between the two vehicles was three feet into the southbound lane, meaning Ms. Burnett was three feet into Ms. Benjamin's lane when the first collision occurred. Trooper Frederick Stevens, an expert in accident reconstruction, agreed that based on the physical evidence, Ms. Burnett's vehicle was

astride the center line at the time of impact. Trooper Stevens further testified that based on the speeds of the vehicles and the measurements taken at the scene, the second collision occurred a mere 0.72 seconds after the first, causing Ms. Burnett's vehicle to further lose control and dart across the path of Ms. Benjamin into the southbound ditch. Blood analysis performed on Ms. Burnett after the accident indicated that she had a blood alcohol content of 0.15. The legal limit was 0.10 at the time of the accident.[1] Trooper Stevens determined that alcohol was a contributing factor to the accident.

The trial court stated that he did not believe Ms. Benjamin's version of the events to be exactly how the accident happened. Because she stated that she believed Ms. Burnett's car struck hers first in the front of her vehicle rather than the rear with the physical evidence indicating the opposite, we find the court was correct in that belief. However, the simple fact that Ms. Benjamin confused the timing of two collisions, estimated by Trooper Stevens to be 0.72 seconds apart, does not change the fact that all of the physical evidence indicates that Ms. Benjamin was struck while in her travel lane by an inebriated driver.

The trial court claimed that, based on several inconsistencies between the testimonies of Ms. Benjamin and Mr. Coleman, he found their testimony to be questionable. However, the inconsistencies he relied on in making this determination, such as who drove to bingo seven hours earlier, whether the radio was on prior to the accident, or whether Mr. Coleman said "what are they doing" immediately prior to the first collision or immediately thereafter, were minuscule at best and irrelevant to the cause of the accident.[2] Ms. Benjamin and Mr. Coleman were consistent and never

---

[1]Ms. Benjamin's blood alcohol content was found to be zero.

[2]Ironically, the trial court found the testimony of Ms. Roy credible despite the fact that she never mentioned Ms. Benjamin speeding up in any statement or deposition prior to trial, or the fact that she claimed to never have seen Ms. Burnett drinking despite being in a bar for over three hours

3

differentiated in their testimony that after passing the Burnett vehicle Ms. Benjamin set her cruise control and never sped up. Their claims that she never left her lane were supported by the physical evidence and the testimony of Trooper Stevens, an expert in accident reconstruction. Trooper Martell testified that the statements given by Ms. Benjamin and Mr. Coleman, which were the same as their testimony at trial, match what they told him at the scene of the accident.

The trial court had serious concerns about why the couple did not exit the vehicle after the accident to check on the people in the Burnett car. However, Ms. Benjamin's and Mr. Coleman's testimonies were consistent in that Ms. Benjamin, six months pregnant at the time, was incredibly shaken after the accident and prevented Mr. Coleman from leaving her car. This was supported by the testimony of Trooper Martell, who remembered Ms. Benjamin being visibly frightened. The trial court's determination that there was another, nefarious reason for this delay in exiting the car is mere conjecture based on no evidence whatsoever.

Simply put, the trial court's concerns about irrelevant differences in Ms. Benjamin's and Mr. Coleman's testimonies do not outweigh the physical evidence, which unequivocally establishes that Ms. Benjamin remained in her lane of travel at all times, that Ms. Burnett was intoxicated at the time of the accident, and that Ms. Burnett struck Ms. Benjamin while straddling the center line in a failed attempt to pass Ms. Benjamin.

Louisiana Revised Statutes 32:79 creates a duty for a driver to refrain from switching traffic lanes until it has first been ascertained that such movement can be safely made. The record and evidence clearly show that Ms. Burnett breached this duty. All the fault for this accident, as established by the testimonies of Troopers

_____

with Ms. Burnett, who had a blood alcohol content over the legal limit. Until the date of trial, Ms. Roy consistently said she could remember little about the accident.

Martell and Stevens, Ms. Benjamin, and Mr. Coleman, and, most critically, the physical evidence, lies with the drunk driver, Ms. Burnett. The trial court erred in assigning any fault to Ms. Benjamin.

The decision of the trial court assigning Felicia Benjamin fault in this matter is hereby reversed. Costs of this appeal are assessed equally against the Plaintiffs.

**REVERSED.**