STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ALICE MABLE CREWS

VERSUS

BROUSSARD PLUMBING AND HEATING

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2005-350-A
HONORABLE JOHN P. NAVARRE, PRESIDING
\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and David E. Chatelain[*],
Judges.

**AFFIRMED.**

**J. Craig Jones**
**131 Highway 165 South**
**Oakdale, LA 71463**
**(318) 335-1333**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Mable Crews**

**Timothy A. Maragos**
**John E. Ortego & Associates**
**Caffery Plaza, Suite 100**
**4023 Ambassador Caffery Parkway**
**Lafayette, LA 70503**
**(337) 988-7240**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Broussard Plumbing and Heating**

---

     [*] Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**COOKS, Judge.**

Defendant, Broussard Plumbing and Heating, appeals the trial court's judgment awarding Plaintiff, Alice Mable Crews, $45,000.00 in damages for injuries suffered in a slip and fall. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On the morning of July 1, 2004, Plaintiff, Alice Mable Crews, went to visit Yvonne Strange at the Oakdale Housing Authority. Plaintiff normally visited Ms. Strange a few times per week. Ms. Strange resided in the area of the Oakdale Housing Authority known as the "Senior Section," which is predominantly occupied by senior citizens. The "Senior Section" can only be accessed by a dead end street off of Williams Street, which was referred to by the residents as "a driveway."

On the date in question, Plaintiff, accompanied by her six-year-old grandson, arrived at approximately 9:00 a.m., parking on the south side of the driveway towards Williams Street. Plaintiff testified normally she parked as close as possible to Ms. Strange's apartment, but could not on this date because there was construction activity in that area. She saw a white truck with a Broussard Plumbing sign on it with what appeared to be a pump or generator. She testified she observed water and mud being pumped into the area, and noted there was an accumulation of water and mud directly in front of Ms. Strange's apartment. The area where Plaintiff parked was free of water and mud.

Plaintiff visited with Ms. Strange until approximately 10:45 a.m., and then left to return home. She walked to her vehicle. While walking around her vehicle to buckle her grandchild in safely, Plaintiff stepped into a pool of mud and water and slipped and fell. Plaintiff was unable to get up herself and yelled for help from the nearby workers. She was helped to her feet by a worker, who also backed her vehicle

out so she would not have to walk through the muddy area again.

Plaintiff alleged she suffered injuries to her right knee and ankle as a result of the fall. The day after the accident she sought treatment at the Oakdale Community Hospital. She then continued treatment with her family physician and underwent several months of physical therapy. She was eventually diagnosed with a tear in the meniscus in her right knee. She may eventually require knee replacement due to the severity of the tear.

Following the accident, Plaintiff filed suit against Trahan and Chapman, Inc., th general contractor of the project, and Broussard Plumbing, a subcontractor responsible for preparing and connecting the plumbing and drains for the washers and dryers. It was plead these defendants, either together or separately, negligently created the hazardous condition which caused her to fall and injure herself. She plead $6,474.75 in medical specials and requested $49,999.00 in general damages. Plaintiff determined that at the time of the incident, there was an improvement project in progress at the housing complex. This project involved the installation of a laundry unit to the rear of each apartment in the complex.

Prior to the bench trial in this matter, Trahan and Chapman, Inc. was voluntarily dismissed as a defendant. Broussard Plumbing remained as the sole defendant. Following a one-day trial, judgment was rendered against Broussard Plumbing, and Plaintiff was awarded $45,000.00 in damages, together with interest from date of judicial demand plus costs. Broussard Plumbing appeals and asserts the following assignments of error:

1. The trial court committed reversible error in finding it to be at fault for the accident.

2. The trial court committed reversible error in failing to find that the condition which caused Plaintiff to slip was open and obvious, thus negating a duty on the part of Appellant and establishing victim fault for

the incident.

## ANALYSIS

### I.   *Liability of Broussard Plumbing*

An appellate court may not set aside a trial court's findings of fact in the absence of a manifest error or unless it is clearly wrong. *Stobart v. State through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. *Mart v. Hill*, 505 So.2d 1120 (La.1987); *Stobart*, 617 So.2d 880; *Rosell*, 549 So.2d 840.

Even if the appellate court believes its inferences are more reasonable than the factfinder's, reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonably based upon the record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. *Housley v. Cerise*, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

Broussard Plumbing contends the evidence was insufficient to prove it caused the slippery condition in the parking lot which caused Plaintiff's injuries. It argues because there were no eyewitnesses that saw Broussard Plumbing personnel set up the pump, Plaintiff did not meet her burden of proof. We disagree.

The courts of this state have long held that circumstantial evidence can be

sufficient to support a trial court's judgment. The Louisiana Supreme Court in *Lacey v. Louisiana Coca-Cola Bottling Co., Ltd.*, 452 So.2d 162, 164, (La. 1984), stated as follows:

> In a civil case, the plaintiff's burden is to prove her case by a preponderance of the evidence. This burden may be met by direct or circumstantial evidence. If, as in this case, circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other *possible* causes. *Weber v. Fidelity & Casualty Insurance Co. of N.Y.*, 257 La. 599, 250 So.2d 754 (1971); *Naquin v. Marquette Cas. Co.*, 244 La. 569, 153 So.2d 395 (La. 1963).

The record in this case sufficiently sets forth circumstantial evidence tending to prove that Broussard Plumbing was the only subcontractor on site the day of Plaintiff's injuries. Plaintiff testified she saw a white pickup truck with a "Broussard Plumbing" sign on the door when she drove into the "Senior Section." She specifically testified she saw no other truck in the area. She further stated she saw a machine on the back of the truck, which was making a very loud noise, and observed mud and water being pumped into the street. When she left Ms. Strange's apartment, Plaintiff noticed the Broussard Plumbing truck was still pumping mud and water into the driveway. Furthermore, after she slipped and fell on the mud, the man she saw working on the back of the Broussard Plumbing truck came over to help her to her feet.

Eric Broussard, the owner of Broussard Plumbing, acknowledged his company had a contract during that time frame to dig up sewer lines at the "Senior Section." Mr. Broussard also confirmed Broussard Plumbing had a white pickup truck that was used at the site.

Although Ms. Strange did not witness Plaintiff's fall, and was not told about it until the following day, she did observe mud and water being pumped into the driveway when she left her apartment to check her mail that day. Ms. Strange

-4-

testified she saw two workers digging on the date in question, and stated she saw only the Broussard Plumbing truck in the area.

Broussard Plumbing argued they could not have been responsible for the accident because on that date, July 1, 2004, it rained heavily in the area and they were unable to work that day. However, both Plaintiff and Ms. Strange testified the weather was nice that day and there was no rain. Further, Plaintiff and Ms. Strange both stated they saw a white Broussard Plumbing truck on the date of the accident.

Broussard Plumbing also argues Plaintiff did not prove it was responsible for the mud and water which caused her to slip and fall. Broussard Plumbing argues it is *possible* that the muddy condition next to Plaintiff's vehicle may have been caused by someone other than it. Plaintiff's testimony, however, points to only Broussard Plumbing at the scene. This testimony was never rebutted and Broussard Plumbing offered no evidence to support its hypothesis that there could have been other contractors on the scene that day. In brief, Broussard Plumbing mistakenly argues it was up to Plaintiff to disprove this speculation. Plaintiff is not required to negate all other *possible* causes, but only to negate all other reasonably *probable* explanations, "otherwise the mere identification in the record of another possible explanation, no matter how improbable, would defeat any claim based upon circumstantial evidence." *Babin v. Burnside Terminal, Greater Baton Rouge Port Comm'n*, 577 So.2d 90, 96 (La.App. 1 Cir. 1990), *citing Carter v. City Parish Gov't of East Baton Rouge*, 423 So.2d 1080 (La.1982).

In considering the evidence presented and testimony of the respective witnesses, the trial court was required to make certain credibility determinations and findings of fact. After a review of the record, we find the evidence presented was sufficient to support the trial court's conclusion that Broussard Plumbing was

responsible for the slippery condition of the driveway which caused Plaintiff to fall and injure herself.

## II.   *Comparative Fault*

Broussard Plumbing argues the trial court erred in failing to find that the condition which caused Plaintiff to slip was open and obvious, and, thus established victim fault on her part for the accident. It requests we apportion some measure of fault to Plaintiff. We disagree.

Apportionment of fault is a finding of fact and is, therefore, reviewed pursuant to the manifest error-clearly wrong standard of review. *Broussard v. Family Dollar Store*, 05-645 (La.App. 3 Cir. 12/30/05), 918 So.2d 1148, *writ denied*, 06-303 (La. 4/28/06), 927 So.2d 287.

The trial court reasonably concluded the muddy conditions were caused by the actions of Broussard Plumbing. The trial court evidently also concluded Plaintiff's failure to observe the mud on the ground was reasonable. We find no manifest error in the trial court's conclusion. Plaintiff testified when she parked her vehicle earlier, the area was completely dry and free from mud. When she returned to the area approximately an hour later, and walked around her car she slipped in the mud. Plaintiff specifically testified she never would have imagined there would be mud where just a short time earlier there had been none. The trial court's finding that Plaintiff was free from fault was not clearly wrong.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Defendant-Appellant, Broussard Plumbing and Heating.

**AFFIRMED.**