JIJONES, Judge.
Defendant, Dillard Department Stores, Inc. (Dillard), seeks review of the trial court’s judgment denying its Motion for Summary Judgment. Plaintiff instituted the present suit seeking damages for injuries allegedly sustained when she hit her ankle on a clothing shelf in one of Dillard’s stores. On September 15, 1997, the Motion for Summary Judgment came on for hearing, and was denied.

FACTS

In the late fall of 1995, Plaintiff, Colissa Ernest, was shopping in the men’s department of Dillard. While looking at a display of underwear Ms. Ernest injured her right ankle when it struck a shelf that was stationed in the aisle. Dillard filed a Motion for Summary Judgment arguing that the shelf did not present an unreasonable risk of harm and the Plaintiff’s injury occurred through her own fault.

DISCUSSION

Summary judgments are reviewed de novo by appellate courts using the same criteria that govern the district court’s consideration of whether summary | ¿judgment is appropriate. Hall v. Equitable Shipyard, Inc., 95-1754 (La.App. 4 Cir. 2/29/96), 670 So.2d 543, 545; Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342, 345 (La.1991). Under the Louisiana Code of Civil Procedure a summary judgment should be granted when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues of material fact and that the mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B).
In 1996, the Louisiana Legislature enacted amendments to Louisiana Code of Civil Procedure Article 966. The amendment provides that summary judgment shall be granted when it is shown that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. 966(C). Additionally, once the moving party presents a prima facie case that no genuine issues of material fact exist, *1381 the burden shifts and the party opposing the motion “must make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial.” LSA-C.C.P. 966(C). “[T]he non-moving party is no longer allowed to rely on the allegations of its pleadings in opposition to a properly supported motion for summary judgment.” Oakley v. Thebault, 96-0937 (La.App. 4 Cir. 11/13/96); 684 So.2d 488, 490.
This Court in Oakley held that the amendment changed the law to the extent that summary judgments are favored. In interpreting the amendment, the court determined that:
[t]he language of the amendment tracks the language of Federal Rule of Civil Procedure 56, and is designed to allow courts to decide whether enough evidence exists to go to trial, thus giving judges an opportunity to weed out meritless litigation.
Finally, because the amended rules are to be applied liberally, it is incumbent upon the courts to change their attitudes from the pre-amendment jurisprudence which |3held that summary judgments were not favored and should be strictly construed. Oakley, 684 So.2d at 490.
In 1997 the legislature by 1997 La. Acts 483, Section 1, further amended Louisiana Code of Civil Procedure Article 966, adding subparagraph C(2) which provides:
The Burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is .an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The preamble to Act 483 indicates that the purpose of paragraph C is “to establish and allocate the burden of proof.” The act further states, “[t]he purpose of Sections 1 and 3 of this Act is to clarify Acts 1996, No. 9, § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent -with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691.” 1997 La. Acts 483.
Dillard argues that there are no genuine issues of material fact concerning its liability pursuant to R.S. 9:2800.6(A). This statute provides, in pertinent part, that “[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.” LSA-R.S. 9:2800.6(A).
In Retif v. Doe, 93-1104 (La.App. 4 Cir. 2/11/94), 632 So.2d 405, writ denied, 94-1000 (La.6/17/94), 638 So.2d 1095, this Court found that R.S. 149:2800.6(A) applies to tort actions which result from accidents other than a fall on the store owner’s premises. In such eases, “the store owner or person having custody of the property has a duty to keep the property in a reasonably safe condition as well as a duty to keep the premises reasonably free of any hazardous conditions which might cause damage. Thus, the store owner must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence.” Retif, at 407.
Dillard suggests that there are no genuine issues of material fact concerning the reasonableness of the clothing shelf. Dillard argues that the shelf was stationary, plainly visible, and posed no unreasonable risk of harm. Defendant further relies upon the Ms. Ernest’s deposition to establish that she will not be able to meet her burden at trial to prove the unreasonableness of the clothing rack.
In her deposition, Ms. Ernest stated that she was walking through the aisle, looking at boxer shorts, when she struck her ankle on the clothing shelf. The shelf was holding underwear. Ms. Ernest further stated that she does not know what caused her to hit her ankle on the shelf. She did not think there was anything covering the shelf so that she *1382 could not see the shelf. She also did not know how the shelf was defective.
In opposition to Dillard’s motion, Ms. Ernest produced her deposition and the customer accident form she filled out at Dillard after the accident. She stated in the form that she was “looking at silk underwear as she walked past a fixture [and] hit her right ankle.” Ms. Ernest later alleged in her petition that “she injured her right ankle on a large shelf which was hidden by a poorly maintained rack of clothing.” She further alleged that the “[Defendant knew, or should have known, of the defective conditions caused by the configuration of the shelves and the lack of maintenance given to the shelves.” Finally, Ms. Ernest claimed that the ^‘defective configuration of the shelves and the lack of care given to the rack of clothing caused [her] to hit her right ankle and injure herself.”
In the case at bar, Dillard argues that the clothing shelf was not unreasonably dangerous. While Ms. Ernest made allegations concerning the defective nature of the clothing shelf in her petition, her deposition fails to support these allegations. In fact, Ms. Ernest admitted in her deposition that she did not know how the clothing shelf was defective. Additionally, while she alleged in her petition that the shelf was covered by a poorly maintained rack of clothing, Ms. Ernest acknowledged in her deposition that the shelf was not covered. Therefore, it does not appear that Ms. Ernest will be able to prove at trial that the clothing rack was unreasonably dangerous. Her deposition testimony contradicts her own allegations of negligence.
Accordingly, the Dillard’s writ application is granted and the trial court’s ruling is reversed. The Dillard’s Motion for Summary Judgment is granted.

WRIT APPLICATION GRANTED.