843 So.2d 588 (2003)
Willie Jean REED and J.C. Reed, Plaintiff-Appellants,
v.
HOME DEPOT USA, INC., et al, Defendant-Appellee.
No. 37,000-CA.
Court of Appeal of Louisiana, Second Circuit.
April 9, 2003.
Rehearing Denied May 8, 2003.
*589 Chris L. Bowman, Jonesboro, for Appellants.
Lunn, Irion, Salley, Carlisle & Gardner, by James A. Mijalis, W. Orie Hunter, III, Shreveport, for Appellee.
Before WILLIAMS, PEATROSS and MOORE, JJ.
MOORE, J.
The plaintiffs, Willie Jean and J.C. Reed, appeal a summary judgment that dismissed their claims arising from a slip and fall in the parking lot of a Home Depot store. For the reasons expressed, we affirm.

Factual background
On March 17, 2000, Ms. Reed and her son, Eric, were shopping for plants at the Home Depot on Millhaven Road in Monroe. According to her deposition, she was selecting from azaleas displayed on wooden pallets arranged on the parking lot. The space between the pallets was narrow, between eight inches and one foot. Standing near one of these aisles (she was unclear whether she intended to walk between the pallets), she bent down to examine a plant. She stated that when she put her right foot on the pavement, "I fell just like a ton of bricks in my shoe." She denied that she slipped or tripped on anything. She assumed that she wedged her foot in one of the pallets, but admitted that after the accident her shoe was not stuck under a pallet. Ms. Reed fell hard on her left side and sustained several injuries, including a broken hip.
*590 Ms. Reed and her husband filed suit against Home Depot USA Inc. and its manager and assistant manager (collectively, "Home Depot"). Alleging strict liability and negligence, Ms. Reed asserted an unreasonably dangerous condition in the manner the plants were displayed and sold, a failure to warn, and failure to staff the garden area properly. Mr. Reed claimed loss of consortium.
After entering a general denial and conducting discovery, Home Depot filed a motion for summary judgment. It asserted that the claim was governed by the merchant slip-and-fall statute, La. R.S. 9:2800.6, and that the Reeds could not present evidence as to two essential elements under the statute, viz., that a defect existed on Home Depot's premises or that the defect caused her injuries. In support, Home Depot cited portions of the depositions of Ms. Reed and her son. The Reeds opposed the motion, citing different portions of the same depositions and urging that genuine issues of material fact precluded summary judgment.
The district court ruled orally that the Reeds had failed to provide proof of causation, making summary judgment appropriate. The judgment was reduced to writing and this devolutive appeal followed.

Discussion
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiff's claim. The burden then shifts to the non-moving party to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La. App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. After the burden has shifted, the plaintiff must make a positive showing of evidence creating a genuine issue as to an essential element of her claim. Mere speculation is not sufficient. Babin v. Winn-Dixie La. Inc., 00-0078 (La.6/30/00), 764 So.2d 37. Appellate review of a grant or denial of summary judgment is de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226.
In slip (or trip) and fall cases, the plaintiff's burden of proof is governed by La. R.S. 9:2800.6, which provides in pertinent part:
§ 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a *591 condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[1]
In its motion for summary judgment, Home Depot alleged that the Reeds would be unable to meet their burden of proving causation, an essential element of their claim. The only evidence adduced was portions of Ms. Reed's and of her son Eric's depositions. As noted, Ms. Reed stated that the accident occurred at the head of an aisle created by two different rows of pallets. While facing one row, she turned toward the aisle and stepped forward. When she put her foot down she fell. She was unable to explain what caused her to fall; she denied slipping or tripping on anything, and her view of the ground was unobstructed. She assumed that her foot got somehow "wedged" under a pallet, but after she fell, her shoe (which had come off her foot) was not stuck under a pallet. Eric testified that he did not observe the fall, but thought it happened because of the narrow space between the rows of pallets. He saw no defects in the concrete or the pallets which would have caused her to fall. He speculated that her shoe was "hung inside" a pallet, but he did not actually see it happen. There were no other witnesses to the accident.
On de novo review, we find that the Reeds failed to adduce sufficient evidence to create a genuine issue of material fact as to the essential element of causation. Ms. Reed adamantly denied that she stepped on anything. She fell immediately after placing her foot on the ground; this undisputed fact undermines the hypothesis, voiced by Ms. Reed and her son, that her foot got tangled in the pallets. Their speculation as to what caused the accident cannot supply the factual support necessary to show that the plaintiff would be able to meet her evidentiary burden at trial. Babin v. Winn-Dixie La., supra. In short, there is no genuine issue of material fact.
The Reeds also argue that the narrow aisle between the rows of pallets created an unreasonably hazardous condition. Since they have not shown that they could prove causation, however, we need not address the existence of a defect. We would only note that without more evidence, the fact that the plaintiff slipped and fell on the defendant's premises does not compel a finding that the premises *592 were unreasonably dangerous. Turner v. Brookshire Grocery Co., 34,562 (La.App. 2 Cir. 4/4/01), 785 So.2d 161, and citations therein. A pallet does not inherently pose an unreasonable risk of harm. See, Butler v. Doug's IGA, 34,232 (La.App. 2 Cir. 12/6/00), 774 So.2d 1067.
Finally, the Reeds argue that on the summary judgment evidence, Home Depot is not entitled to judgment as a matter of law. In support they cite Dupas v. Travelers Property Cas. Ins. Co., 00-12 (La. App. 3 Cir. 5/3/00), 762 So.2d 127, writ denied, 00-1541 (La.6/30/00), 766 So.2d 548. Ms. Dupas was injured in a discount store while trying to select a broom from a display set on a pallet; while reaching for the broom, she tripped a fell face forward. She alleged that the pallet was unreasonably dangerous, and called a safety expert who testified that it created a hazard. After she presented her case in chief, the store moved for directed verdict on grounds that she failed to allege that she tripped on the platform; she only testified that while she was looking up, something "grabbed her." The store's accident report stated that Ms. Dupas stubbed her toe on the pallet. The district court denied the motion for directed verdict; the court of appeal affirmed, noting that a rational juror could find that the pallet posed an unreasonable risk of harm and that Ms. Dupas tripped on it.
Unlike the plaintiff in Dupas, however, Ms. Reed has not shown by circumstantial evidence that her accident resulted from any hazardous condition on Home Depot's premises. The deposition testimony excludes any conditions that may have been hazardous and fails to show that any such condition, if proved, caused her to fall. On this record, we find no genuine issue of material fact and that Home Depot is entitled to judgment as a matter of law.

Conclusion
For the reasons expressed, we affirm the summary judgment in favor of Home Depot and dismissing the Reeds' claims. Costs of appeal are assessed to the Reeds.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, CARAWAY, PEATROSS, and MOORE, JJ.
Rehearing denied.
NOTES
[1] In addition to the negligence claim, the Reeds alleged that Home Depot was strictly liable for Ms. Reed's injuries. Strict liability would be based on La. C.C. art. 2317; however, the 1996 enactment of C.C. art. 2317.1 effectively abrogated the concept of strict liability in cases involving defective things and imposed a negligence standard based on the owner or custodian's knowledge or constructive knowledge of the defect. Lasyone v. Kansas City Southern Ry., 00-2628 (La.4/3/01), 786 So.2d 682, at fn. 9; Hagood v. Brakefield, 35,570 (La.App. 2 Cir. 1/23/02), 805 So.2d 1230, writ denied, 02-0557 (La.4/26/02), 815 So.2d 90. The analysis is therefore the same under either negligence or strict liability. Davis v. Diamond Shamrock Refining & Marketing Inc., 34,309 (La.App. 2 Cir. 12/6/00), 774 So.2d 1076.