# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 06-1543


**MARY KNIPPERS RIVERS, ETC.**

**VERSUS**

**DWAYNE J. BROUSSARD, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, DOCKET NO. 57,139
HONORABLE CHARLES B. ADAMS, DISTRICT JUDGE
\*\*\*\*\*\*\*\*\*\*


**SYLVIA R. COOKS**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Sylvia R. Cooks, John D. Saunders and Michael G. Sullivan, Judges.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED..**


**Dwayne Broussard**
**P.O. Box 1182**
**Patterson, LA  70392**
**(985) 395-4270**
**IN PROPER PERSON**

**Laura L. Picard**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Division of Risk Management**
**P.O. Box 1710**
**Alexandria, LA  71309-1710**
**(318) 336-5526**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana, Through DOTD**

**COOKS, Judge.**

The plaintiff-in-reconvention, Dwayne Broussard, appeals the trial court's grant of motions for summary judgment in favor of both the State of Louisiana, through the Department of Transportation and Development, and Herman Love, Chief of Police of the town of Florien. For the following reasons, we affirm in part, reverse in part, and remand.

**FACTS AND PROCEDURAL HISTORY**

On June 27, 2003 at about 10:00 a.m., Dwayne Broussard was traveling southbound on Louisiana Highway 171 from Many, Louisiana toward Leesville, Louisiana. That point on Hwy. 171 has only one lane northbound and one lane southbound. Mr. Broussard approached a road construction site beginning at a right hand curve in the road, which included cement barricades along his left side of the road. There was a shoulder area on Mr. Broussard's right hand side of the road. The posted speed limit was forty-five miles per hour.

As he approached the curve, Mr. Broussard stated he saw two vehicles ahead; a police vehicle and another vehicle ahead of the police car. The record revealed the police vehicle was operated by Herman Love, Chief of Police of the town of Florien. Chief Love had pulled over a vehicle driven by Noyce Brown, and was in the process of issuing a traffic citation when Mr. Broussard came upon the scene.

Mr. Broussard stated his lane of travel had a white fog line at the right edge, with a gravel shoulder thereafter. According to Mr. Broussard, the police vehicle had its front tires in the gravel and its left rear tire in the southbound lane, with the bumper approximately two feet into the travel lane. The police vehicle had its overhead lights activated. Mr. Broussard stated that because of a curve in the road, he could not tell until he was approximately 75 feet away that the police vehicle was

partially blocking his lane, and that people were standing between the vehicles. Mr. Broussard alleged that he took evasive action, moving to his left, to avoid hitting the police vehicle. While avoiding the police vehicle, he immediately thereafter collided with a vehicle driven by Mary Knippers Rivers (and owned by her employer). Mr. Broussard acknowledged he was looking to the right at the police bumper and the people standing in the shoulder area as he passed. Mrs. Rivers was unable to avoid the accident due to the barriers on the north bound shoulder area.

Mrs. Rivers filed a Petition for Damages against Mr. Broussard, his insurer, the State of Louisiana, through the Department of Transportation and Development (hereafter DOTD), and the underinsured automobile insurance carriers, which covered her personal vehicle and her employer's vehicle. The petition alleged Mr. Broussard negligently caused the accident by "crossing the center line of the highway and [striking] the vehicle that Mrs. Rivers was diving head-on." Mrs. Rivers' petition also alleged as a cause of the accident that DOTD was negligent in engineering the construction zone and in the placement of the concrete barriers in the area of the accident.

Mr. Broussard filed a reconventional demand against DOTD, the Sheriff of Sabine Parish, Mrs. Rivers, Progressive Security Insurance Company (the underinsured auto insurer of Mrs. Rivers), and Fireman's Fund Insurance Company, the insurer of the vehicle Mrs. Rivers was operating. The reconventional demands against the Sheriff of Sabine Parish, Mrs. Rivers, Progressive, and Fireman's were dismissed by consent of Mr. Broussard.

Mr. Broussard subsequently filed a second reconventional demand against Sheriff Love alleging he was negligent in parking his patrol car partially on the travel portion of the roadway.

Motions for summary judgment were filed by DOTD and Sheriff Love against Mr. Broussard, with a hearing on said motions set for May 16, 2006. Mr. Broussard filed a motion to continue the hearings "until discovery is complete." The district court denied the request to reschedule after discovery was complete, granting only a limited continuance to July 12, 2006.

At the hearing on July 12, 1996, the trial court granted both DOTD's and Sheriff Love's motions for summary judgment, and dismissed Mr. Broussard's reconventional demand against these parties. Mr. Broussard has appealed, contending the trial court erred in granting the motions for summary judgment.

## ANALYSIS

The proper standard of review for an appellate court considering summary judgment is *de novo*. "It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Palma, Inc. v. Crane Servs. Inc.*, 03-614, p. 3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 (citations omitted). The Louisiana Supreme Court has said the following in determining when a fact is material:

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. [Citations omitted.]

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.

# I. SUMMARY JUDGMENT IN FAVOR OF DOTD.

In order for a party to recover damages against a public entity like DOTD, it must prove that (1) the public entity had ownership or control of the thing which caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm; (3) the public entity had actual or constructive knowledge of the defect and failed to take remedial measures within a reasonable time; and (4) causation. *Sudduth v. State, DOTD*, 619 So.2d 618 (La.App. 3 Cir.), *writ denied*, 629 So.2d 349 (La. 1993). DOTD argued below that Mr. Broussard could not prove any defect in the roadway created an unreasonable risk of harm.

Mr. Broussard alleged in his pleadings that the roadway was unsafe because concrete barriers had been placed on it, which prevented Mary Knippers Rivers from pulling over and avoiding the accident. However, the trial court found Mr. Broussard provided no evidence that the concrete barriers created an unreasonable risk of harm to the motoring public. The court noted that the mere allegation that the barriers rendered the highway unsafe was unsupported and merely speculation. Proof which establishes only a possibility, speculation, or unsupported probability does not suffice to establish a claim. *Todd v. State, through Social Service*, 96-3090 (La. 9/9/97), 699 So.2d 1258. Further, the jurisprudence provides that DOTD's standard of care at highway construction areas is lower than that required on a highway not under construction. *Jones v. State, through DOTD*, 478 So.2d 691 (La.App. 3 Cir.1985), *writ denied*, 480 So.2d 743 (La.1986) *Hardenstein v. Cook Construction, Inc.*, 96-829 (La.App. 1 Cir. 2/14/97), 691 So.2d 177, *writ denied*, 95-686 (La. 4/25/97), 692 So.2d 1093; *Alford v. Estate of Zanca*, 552 So.2d 712 (La.App. 5 Cir.1989). The Courts have long recognized the necessity of highway construction work and that hazards will regularly exist during the course of construction. *Huddleston v. Ronald*

*Adams Contractor, Inc.*, 95-987 (La.App. 1 Cir. 2/23/96), 671 So.2d 533; *Golden v. Madden Contracting Company, Inc.*, 469 So.2d 1039 (La.App. 2 Cir.), *writ denied*, 475 So.2d 363 (La.1985).

Our review of the record shows there was no evidence, other than speculation, that any defect in the road existed. Mr. Broussard presented no expert testimony that the construction area presented an unreasonable risk of harm, nor did he present any evidence that DOTD violated any standards at the construction site. Thus, we find the trial court did not err in granting DOTD's motion for summary judgment finding there are no genuine issues of material fact bearing on DOTD's liability and as a matter of law it is not liable.

## II. SUMMARY JUDGMENT IN FAVOR OF CHIEF LOVE.

We find the trial court erred in granting the summary judgment in favor of Chief Love. Mr. Broussard stated in his deposition that Chief Love's vehicle was partially blocking his lane of traffic, causing him to veer his vehicle to the left, which was a proximate cause of the accident. Chief Love, through counsel, argued there was no evidence that his vehicle was partially in the lane of travel, other than Mr. Broussard's own testimony. We note the position of Sheriff Love's vehicle was not noted by Trooper Smith in his accident report, as the vehicle had been moved prior to his arrival at the scene. The position of Sheriff Love's vehicle is a material fact at issue which should have precluded the grant of summary judgment.

Therefore, we find a material issue of fact exists as to whether Chief Love's police vehicle was partially blocking Mr. Broussard's lane of traffic, which requires full adjudication. Therefore, summary judgment is not appropriate in this instance.

### DECREE

For the above reasons, the trial court's judgment granting DOTD's motion for

-5-

summary judgment is affirmed. Based on this court's determination that genuine issues of material fact exist, we reverse the trial court's grant of Chief Herman Love's motion for summary judgment and remand for further adjudication. Costs of this appeal are assessed equally to appellant, Dwayne Broussard and appellee, Chief Herman Love.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**