IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2008

Charles R. Fulbruge III
Clerk

No. 08-30016
Summary Calendar

DIANE MUSSLE

Plaintiff-Appellant

V.

ACADEMY SPORTS & OUTDOORS; ZURICH INSURANCE COMPANY

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-430

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

In this negligence action, Diane Mussle alleged she was injured by a shelf while shopping at Academy Sports & Outdoors (Academy). She contests the summary judgment awarded Academy and its insurer, Zurich Insurance Company. Primarily at issue is whether Mussle showed a genuine issue of material fact regarding the existence of a hazardous condition, creating an unreasonable risk of harm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mussle maintains she was injured while shopping at Academy's Slidell, Louisiana, store when her foot or ankle came in contact with something underneath a shelf. She speculates a metal bracket caused the injury, but no evidence was presented supporting this theory.

The district court awarded summary judgment to Academy, holding Mussle presented "no objective evidence establishing that a metal bracket, or brace, or any other 'sharp' object, was . . . under the relevant shelving and positioned so as to injure her ankle". (Emphasis in original.) Accordingly, the court ruled Mussle failed to show a triable issue.

A summary judgment is reviewed de novo, applying the same standards as the district court. E.g. Jenkins v. Methodist Hosps. of Dallas, Inc., 478 F.3d 255, 260 (5th Cir. 2007). Such judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

Essentially for the reasons stated by the district court, summary judgment was proper. Mussle produced no evidence establishing the shelf posed an unreasonably dangerous risk of harm. See LA. REV. STAT. ANN. § 9:2800.6; Ernest v. Dillard Dep't Stores, Inc., 703 So. 2d 1380, 1381-82 (La. Ct. App. 1997). Instead, she asserted only that the shelf should have had a "kick plate" covering the space between the bottom shelf and floor. Additionally, Mussle was unable to determine what caused her injury. Speculation as to the cause of an accident does not supply the factual support required to meet the plaintiff's evidentiary burden. See Reed v. Home Depot USA, Inc., 843 So. 2d 588, 591 (La. Ct. App. 2003).

AFFIRMED.