ROSEMARY LEDET, Judge.
| ¶ This is a tort suit arising out of the plaintiffs fall from a swivel chair at the defendants’ casino. From a judgment granting the defendants’ motion for summary judgment and dismissing the suit, the plaintiff appeals. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On February 4, 2010, the plaintiff, Barry Smith, was a patron at Harrah’s casino on Poydras Street in New Orleans. While he was attempting to sit down on a swivel chair in front of a slot machine, Mr. Smith fell. When he fell, his leg became trapped between the swivel chair and the slot machine, causing injury to his leg.
*509 On September 14, 2010, Mr. Smith commenced this tort suit against several defendants (collectively the “Casino”).[1] In his petition, he alleged that the accident was caused by the Casino’s “gross and wanton negligence,” including the following: (a) failure to consider the safety of others; (b) failure to properly [^maintain their property; (c) negligence for not warning patrons of any danger on the premises; (d) negligence for not removing the defective and/or dangerous equipment from the premises; and (e) negligence for not properly repairing their equipment.
The Casino answered the petition and generally denied the allegations in it. After engaging in discovery, the Casino filed a motion for summary judgment. The Casino did not produce any affidavits or depositions in support of its motion; rather, it produced Mr. Smith’s answer to the Casino’s discovery interrogatory which stated:
INTERROGATORY NO. 13:
Please state and describe, in detail, what was “defective and/or dangerous” about the swivel chair as alleged in Paragraph IV of your Petition.
ANSWER TO INTERROGATORY NO. 13:
At the time of this incident, Harrah’s provided a mixture of chair styles. Mr. Smith was in an area where the chairs did not swivel and was used [ (sic) ] to positioning himself on those fixed chairs. Unbeknownst to Mr. Smith, mixed in with the fixed chairs was a chair that swiveled. Mr. Smith was relying on all chairs being fixed and was unaware swivel chairs were mixed in the seating area. When he went to sit in the chair in question the chair moved as he was sitting down causing him to fall resulting in the injuries complained of herein.
The Casino contended that Mr. Smith’s answer to the interrogatory was an admission that, contrary to the allegations of his petition, there was nothing “defective and/or dangerous” about the swivel chair. Rather, the chair simply swiveled when he attempted to sit in it. According to the Casino, the interrogatory |sand answer established that Mr. Smith will be unable to meet his burden at trial to prove either the dangerousness or the defectiveness of the swivel chair.
In opposing the Casino’s motion, Mr. Smith submitted only his own affidavit in which he attested to the following:
• On the day of the accident, he was a guest at Harrah’s Casino in New Orleans and was in an area near the rear of the casino;
• He attempted to sit in one of the chairs near the slot machines, but unbeknownst to him, the chair swiveled all the way around;
• When he attempted to sit down in the chair, it swiveled rapidly, and caused him to fall, catching his leg between the chair and slot machine, causing severe injuries;
• Mr. Smith had sat in other chairs in the Casino on that night without incident, and the other chairs that he had encountered that night did not swivel in the same manner as the chair that caused his injury;
• Mr. Smith did not observe any other chairs in the Casino that swiveled in the same manner as the one that caused his injury.
*510 Mr. Smith contended that there were genuine issues of material fact to be resolved at trial.
Following a hearing, the trial court granted the Casino’s motion for summary judgment. Although the trial court did not give written reasons for judgment, it gave the following oral reasons for its ruling:
Plaintiffs answer to Defendant’s interrogatory seeking a description of the defective or dangerous character of the subject chair clearly establishes that the chair was not dangerous or defective. The Louisiana Supreme Court has found that the owner or operator of a facility has the duty of exercising reasonable care for the safety of persons on his premises and the duty of not exposing such persons to unreasonable risks of injury or harm.
Thus, because a non-defective swivel chair does not present an unreasonable risk of injury or harm, Defendants owed no duty of care to Plaintiff.
|4Moreover, R.S. 9:2800.6(B)(1)[2] places on Plaintiff the burden of proving that the swivel chair presented an unreasonable risk of harm and that the risk of harm was reasonably foreseeable, which he failed to do.
This appeal followed.
DISCUSSION
It is well settled that appellate courts review a summary judgment de novo and that appellate courts do so applying the same standards that govern a trial court’s determination of whether summary judgment is appropriate. Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 883; Duncan v. U.S.A.A. Ins. Co., 06-363, p. 3 (La.11/29/06), 950 So.2d 544, 546-47. The summary judgment procedure is designed to avoid a full-scale trial when there is no genuine issue of material fact. Duncan, 06-363 at p. 3, 950 So.2d at 546-47. The summary judgment procedure is favored in Louisiana; is designed to secure the just, speedy, and inexpensive determination of every case; and is required to be construed to accomplish these goals. King v. Parish Nat’l Bank, 04-0337, p. 7 (La.10/19/04), 885 So.2d 540, 545 (citing La. C.C.P. art. 966(A)(2)).
In determining whether summary judgment is appropriate the two issues a court must resolve are (i) whether there is any genuine issue of material fact, and (ii) whether the mover is entitled to judgment as a matter of law. Warren v. Kenny, 10-1580, pp. 5-6 (La.App. 4 Cir. 4/27/11), 64 So.3d 841, 845-46 (citing Ocean Energy, Inc. v. Plaquemines Parish Government, 04-0066, p. 5 (La.7/6/04), 880 So.2d 1, 5). Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2).[3] Another pertinent provision is Article 966(C)(2), which provides:
The burden of proof remains with the movant. However, if the movant will *511 not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he or she will be able to satisfy the evidentiary burden of proof at trial, there is no genuine issue of material fact.
La. C.C.P. art. 966(C)(2).
A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue, and summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A “material” fact is “one that would matter on the trial on the merits.” Smith, supra. The determination of whether a fact is material thus turns on the applicable substantive law or theory of recovery. Id.; Thomas v. North 40 Land Dev., Inc., 04-0610, p. 22 (La.App. 4 Cir. 1/26/05), 894 So.2d 1160, 1174.
Mr. Smith’s claims against the Casino are based on three theories: (i) negligence, under La. C.C. art. 2315; (ii) strict liability, under La. C.C. art. | ,¡2317.1; and (iii) the Casino status as a merchant, under La. R.S. 9:2800.6.[4] On appeal, Mr. Smith contends that the trial court improperly made factual determinations on summary judgment that the swivel chair was neither defective nor presented an unreasonable risk of harm. The Casino counters that the trial court correctly granted summary judgment because Mr. Smith presented nothing more than conclusory allegations and unsupported speculation in opposition to the Motion for Summary Judgment. We agree.
Contrary to Mr. Smith’s suggestion, “[a]n issue of negligence or fault can be decided on a motion for summary judgment, provided that the evidence leaves no relevant, genuine issue of fact, and reasonable minds must inevitably conclude that the mover is entitled to judgment based on the facts before the court.” Blacklege v. Font, 06-1092 (La.App. 1 Cir. 3/23/07), 960 So.2d 99; see also Labit v. Palms Casino & Truck Stop, Inc., 11-1552 (La.App. 4 Cir. 5/9/12), 91 So.3d 540 (affirming grant of summary judgment in a negligence case).
In his petition, Mr. Smith alleged that the basis of the Casino’s liability stemmed from the swivel chair being “defective and/or dangerous.” To refute the allegation in the petition that the swivel chair was “dangerous and/or defective” and to establish the lack of any evidence demonstrating that the swivel chair posed an unreasonably dangerous risk of harm or was defective, the Casino produced Mr. Smith’s answer to its discovery interrogatory, quoted earlier in this opinion. In so doing, the Casino met its burden of establishing the absence of evidentiary support |7for an essential element of Mr. Smith’s *512 r-laim — that the swivel chair was either dangerous or defective.
In opposing the summary judgment and attempting to meet its burden of proof as an opponent of a properly supported motion for summary judgment, Mr. Smith offered only his own affidavit. In his affidavit, he stated that the cause of his fall was perhaps a defect in the chair or perhaps that the chair was different than the other chairs in the casino in design or function. As the Casino points out, Mr. Smith’s affidavit arguably was inconsistent with his answer to the Casino’s discovery interrogatory. In his answer to interrogatory, Mr. Smith referred to the other chairs in the casino as being fixed; however, in his affidavit he referred to the other chairs in the casino as not “swivel[ing] in the same manner, as the chair that caused his injury.” See Ernest v. Dillard Dep’t Stores, Inc., 97-2052 (La.App. 4 Cir. 12/17/97), 703 So.2d 1380, 1381-82 (noting inconsistency between allegations of petition and deposition testimony and reversing trial court’s denial of summary judgment).
Mr. Smith contends that his affidavit was not inconsistent with his answer to interrogatory, but rather clarified his answer by stating that the chairs which he sat in previously swiveled in a different manner, i.e., “they moved only slightly.” He further contends that his affidavit created material issues of fact on two issues: (i) whether the swivel chair was dangerous — created an unreasonable risk of harm, and (ii) whether the chair was defective. He still further contends that this case is identical to Bullock v. The Rapides Foundation, 06-26 (La.App. 3 Cir. 10/11/06), 941 So.2d 170.
As to the unreasonable risk of harm, Mr. Smith’s position is that the swivel chair created a dangerous situation because it was completely different in design |sand function then the other chairs in the casino. In support of this contention, Mr. Smith relies on the statement in his affidavit that he “had sat in other chairs in the Casino on that night without incident, and the other chairs that he had encountered that night did not swivel in the same manner as the chair that caused his injury.” Mr. Smith explains that he was not expecting the chair to swivel further and faster than the other chairs and that this created a trap. Thus, he contends that the Casino had a duty to warn him of this dangerous situation.
Alternatively, Mr. Smith contends that the Casino’s liability stemmed from the swivel chair being defective. According to Mr. Smith, if the Casino’s position is that all its chairs were supposed to swivel in the same manner, the chair in question behaved differently and thus was defective. In support of this contention Mr. Smith relies on his statement in his affidavit that he “did not observe any other chairs in the Casino that swiveled in the same manner as the one that caused his injury.”
Finally, Mr. Smith contends that this case is identical to Bullock, supra. In Bullock, supra, the plaintiff was a patient’s eighty-year old mother who was accompanying the patient on a visit to the defendant’s emergency room. The plaintiff was injured when the rolling physician’s stool she was attempting to sit on rolled out from under her. The trial court allocated fault equally between the plaintiff and the hospital. Affirming, the appellate court cited the hospital’s superior knowledge and history of prior incidents:
While Ms. Bullock knew that the stool had rollers and was intended to roll, she had never had one suddenly roll out from under her in previous locations. Therefore, Ms. Bullock did not fully appreciate the danger, as she would have, had she known that Rapides Regional *513 had had eight prior accidents involving the rolling physician stools in their ER. Moreover, Ms. Bullock testified that if the stool had contained a visible warning of its slippery nature, she would not have sat on the 19stooI. It is the superi- or knowledge of Rapides Regional of the previous accidents and the dangerous condition of the stools on their premises that created a duty to warn, and it is their breach of that duty that renders them liable for Ms. Bullock’s accident.
Bullock, 06-26 at pp. 9-10, 941 So.2d at 177. Dissenting, Judge Amy cited several factors warranting a finding of no fault on the part of the hospital.[5]
According to Mr. Smith, this case is identical to Bullock, supra, in that, while the rolling physician’s stool may not have been inherently dangerous, under the circumstances presented in the emergency room — smooth flooring and sensitive rollers on the stool — the stool rolled quickly and created a dangerous condition for an unsuspecting hospital visitor who attempted to sit on it. By analogy, Mr. Smith contends that while the swivel chair may not have been inherently dangerous, under the circumstances presented in the casino — none of the other chairs in the casino behaved in the same fashion as the chair in question — the chair swiveled quickly and created a dangerous condition for a casino patron who attempted to sit on it.
|inMr. Smith’s reliance on the Bullock case is misplaced, factually and legally. Legally, this court is not bound by another circuit’s divided decision. Factually, as the Casino points out, there is no evidence in this case that the swivel chair rolled out from under Mr. Smith; the chair simply swiveled. Nor is there evidence of any prior incidents involving the swivel chairs at the Casino.
Mr. Smith’s eonclusory and speculative allegations set forth in his affidavit regarding the swivel chair are insufficient to satisfy his burden of proof under La. C.C.P. art. 966(C)(2). As the federal court aptly explained in Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994):
This burden is not satisfied with “some metaphysical doubt as to the material facts,” by “unsubstantiated assertions,” or by only a “scintilla” of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could *514 or would prove the necessary facts. See Lujan [v. National Wildlife Federation,] 497 U.S. [871], 888, 110 S.Ct. [3177, 111 L.Ed.2d 695 (1990) ], (resolving actual disputes of material facts in favor of nonmoving party “is a world apart from ‘assuming’ that general aver-ments embrace the ‘specific facts’ needed to sustain the complaint.... It will not do to ‘presume’ the missing facts because without them the affidavits would not establish the injury that they generally allege”).
Id. (internal citations omitted). Stated otherwise, “[p]roof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim.” Todd v. State Through Dep’t of Social Services, Office of Community Services, 96-8090, p. 16 (La.9/9/97), 699 So.2d 35, 43; Rivers v. Broussard, 06-1543, p. 5 (La.App. 3 Cir. 6/27/07), 964 So.2d 411, 414 (citing Todd, supra, in support of decision to affirm summary judgment given “the record shows there was no evidence, other than speculation, that any defect in the road existed.”)
As we have noted, “[e]ven in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the non-moving party |T1rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.” Haney v. Delta Petroleum Co., 01-0636, p. 5 (La.App. 4 Cir. 3/6/02), 811 So.2d 1200, 1204 (citing Carter v. BRMAP, 591 So.2d 1184 (La.App. 1st Cir.1991)). Such allegations, inferences, and speculations are not sufficient to create a genuine issue of material fact even if contained in an affidavit. Sears v. Home Depot, USA, Inc., 06-0201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228 (citing King v. Phelps Dunbar, L.L.P., 01-1735, p. 16 (La.App. 4 Cir. 4/2/03), 844 So.2d 1012, 1022); Adelmann-Chester v. Kent, 08-0770 (La.App. 4 Cir. 6/5/09), 33 So.3d 187; see also Reed v. Home Depot USA, Inc., 37,000 (La.App. 2 Cir. 4/9/03), 843 So.2d 588, 591 (noting that speculation as to the cause of an accident does not supply the factual support required to meet the plaintiffs evidentiary burden).[6] Given the lack of any evidentiary support for Mr. Smith’s claim, we find no error in the trial court’s decision granting the Casino’s motion for summary judgment.

DECREE

For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED

. The named defendants are Harrah’s New Orleans Casino d/b/a Harrah’s Operating Company, Inc.; Harrah's New Orleans Casino d/b/a Jazz Casino Company, LLC; Har-rah’s Operating Company, Inc.; and Jazz Casino Company, LLC. As noted, we refer in this opinion to the named defendants collectively as the “Casino.”

. La. R.S. 9:2800.6(B)(1) provides:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

. The Legislature this year amended La. C.C.P. art. 966(B) and divided it into sub-parts.

. The jurisprudence has recognized that a casino is a merchant for purposes of this Act. See Rowell v. Hollywood Casino Shreveport, 43,306, p. 3 (La.App. 2 Cir. 9/24/08), 996 So.2d 476, 478 (citing Harrison v. Horseshoe Entertainment, 36,294 (La.App. 2 Cir. 8/14/02), 823 So.2d 1124); Richardson v. Louisiana-1 Gaming, 10-262, p. 3 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895; (citing Rowell, supra); Neal v. Players Lake Charles, L.L.C., 01-0244 (La.App. 3 Cir. 6/6/01), 787 So.2d 1213; Patin v. Evangeline Downs of Louisiana, Inc., 08-988 (La.App. 3 Cir. 2/4/09), 3 So.3d 638.

. Judge Amy reasoned as follows:
Photographs and testimony indicate that the five-wheeled stool was obviously a rolling one. There is no indication that the stool was faulty or that it malfunctioned. Furthermore, and relevant to the question of whether a warning label was required, the plaintiff explained that she had previously used rolling stools and was aware that the stool was for physician use. Insofar as various other stools at the hospital had been labeled by staff members, testimony indicated that the labeling was done in order to reserve the stool for staff use rather than as an injury-prevention measure. With regard to the lack of a locking mechanism, the -plaintiff did not establish that such a mechanism was available, desirable, or even possible for such a rolling stool. Insofar as the parties' arguments reference strict liability recovery, I find that the plaintiff's evidence fails in this regard as well. Again, the plaintiff did not establish the existence of a vice or defect in the stool’s operation. Notwithstanding this failure, the record further lacks indication of an unreasonable risk of harm....
In light of the relatively low risk associated with the stool's use and the unquestioned utility, any determination that the plaintiff established an unreasonable risk of harm is erroneous ...
Bullock, 06-26 at p. 1, 941 So.2d at 181 (Amy, J., dissenting).

. To illustrate, in Reed v. Home Depot USA, Inc., 37,000 (La.App. 2 Cir. 4/9/03), 843 So.2d 588, the plaintiff sued Home Depot for injuries she sustained when she fell while selecting from azaleas displayed on wooden pallets arranged in Home Depot’s parking lot. The plaintiff denied that she stepped on anything; rather, she testified in her deposition that she fell immediately after placing her foot on the ground. Rejecting the plaintiffs’ hypothesis that her foot became tangled in the pallets, the appellate court reasoned that ”[t]heir speculation as to what caused the accident cannot supply the factual support necessary to show that the plaintiff would be able to meet her evidentiary burden at trial.” Home Depot, 37,000 at p. 5, 843 So.2d at 591 (citing Babin v. Winn—Dixie La., Inc., 00-0078 (La.6/30/00), 764 So.2d 37). The court thus found there was no genuine issue of material fact. The court further found that it was unnecessary to address the plaintiffs' alternative argument that the narrow aisle between the rows of pallets created an unreasonably hazardous condition. The court noted that "without more evidence, the fact that the plaintiff slipped and fell on the defendant's premises does not compel a finding that the premises were unreasonably dangerous” and that "[a] pallet does not inherently pose an unreasonable risk of harm.” Home Depot, 37,000 at p. 5, 843 So.2d at 591-92.