| WOODARD, Judge.
Ms. Mary Dupas tripped and fell at the Family Dollar Store (FDS) in Marksville, Louisiana. She sued FDS to recover the damages which she suffered because of her ensuing injuries. FDS motioned for a directed verdict at the close of her case, arguing that she did not present direct evidence that she tripped on a store display and did not present expert evidence specifically stating that the display presented an unreasonable danger. The trial court denied the motion and proceeded with a trial on the merits.
Likewise, we find that Ms. Dupas introduced sufficient circumstantial evidence to defeat FDS’ motion. Moreover, we find no merit in FDS’ remaining assignments of error. Accordingly, we affirm the trial court’s decision.
On May 6, 1998, Ms. Mary Dupas, a sixty-eight-year-old, sustained injuries when shopping with her husband at FDS. They had been browsing for some time when Ms. Dupas became attracted by a broom, sale display. They agreed that they should buy one of the advertised brooms, and Ms. Dupas volunteered to select one while Mr. Dupas went into another part of the store.
FDS presented its merchandise on gray, four-foot by four-foot by six-inch-high pallets. The display consisted of upside down brooms in a large garbage can, standing on one of the pallet’s sides (the platform), though not on its very edge. From the platform’s far-side, Ms. Dupas attempted to reach, across and up, for a broom, when she tripped and fell, face forward, onto her right knee and foot, rupturing her right foot Achilles tendon. She stood back up on her own power and called her husband.
*129 He called Ms. Vickie Dufour, a FDS assistant store manager, who examined Ms. Dupas’ foot and observed her limping out of the store. She was attempting to file an accident report when Ms. Dupas came back into the store to show her how bruised her knee had become. During trial, she testified that store policy requires employees to inspect the store at 10:00 a.m., 2:00 p.m., and 6:00 p.m., and to comment in a store booklet. However, FDS could not produce the booklet, reflecting entries for the date of the accident.
| ¡After the accident, Ms. Dupas explains that “[she couldn’t] keep her foot down. It would just bump like a rubber ball.” She went back to her home and attempted to rest her foot on a stool. As she felt her condition worsening, she went to the emergency room at the Avoyelles Hospital where x-rays were performed. Later, she consulted Dr. Thomas Ford, an orthopedic specialist in Lake Charles, who immediately diagnosed a rupture of the right foot Achilles tendon. He placed her leg in a cast and ordered that she not place any weight on it for five weeks. She had to use crutches for five weeks. Dr. Ford prescribed anti-inflammatory and over-the-counter pain medication. He removed the cast on June 15,1998, but placed her leg in a walking cast and gave her samples of Lodine, an anti-inflammatory medication. He last saw her on October 1, 1998, when he believed that her condition had essentially resolved.
On September 11, 1998, Ms. Dupas filed suit, naming FDS and its insurer, Travelers Property Casualty Insurance Company of Illinois, as Defendants in order to recover damages for the injuries which she sustained from the fall. During a bench trial held on June 8, 1999, the trial court denied FDS’ motion for directed verdict and found FDS to be eighty-percent at fault and Ms. Diipas twenty-percent. It awarded her $22,000.00 in general damages and $900.78 in medical specials and Mr. Dupas $3,000.00 for loss of consortium. FDS appeals.
MOTION FOR DIRECTED VERDICT
We must decide whether the trial court erred when it denied FDS’ motion for a directed verdict. A trial court may grant a motion for directed verdict when all the evidence and inferences point so strongly in favor of one party that reasonable people could not reach a contrary verdict.[1] It may not grant the motion when it must resolve- questions of credibility in order to do so.[2] On appeal, we must determine whether the record contains evidence of such weight that reasonable and fair-minded persons in the exercise of impartial judgment might or might not reach different conclusions.[3] | ¡¡We are to review the trial court’s decision through the “looking glass of substantive law.”[4]
The substantive law applicable in the case sub judice is set forth in La.R.S. 9:2800.6. Under that statute, to show that a merchant is liable, a plaintiff must prove by a preponderance of the evidence through, either, direct or circumstantial evidence:[5] (1) the existence of a condition that presented an unreasonable risk of harm which was reasonably foreseeable; (2) the merchant’s actual or constructive notice of the condition; and (3) the merchant’s failure to exercise reasonable care.
First, FDS alleges that Ms. Dupas never actually stated that she tripped over the platform, thus, it insists that she did not and could not prove that the platform caused her to fall. When testifying, Ms. Dupas candidly stated that she was look *130 ing up at the brooms when she fell, and, thus, did not see what specifically caused her to fall. However, she felt that “something just threw [her] over,” or “grabbed” her. She remembers the store’s aisles as being narrow. In her accident report, Ms. Dufour stated the following: “No boxes in or around area. She said she was reaching for broom and stubbed on gray wooden pallet.” Ms. Dufour stated that she did not see any foreign material in the aisle-ways and did not think that the platform created a safety hazard, except for the fact that it created a step, and as such, “there are times you could trip on a step[.]” Under the circumstances which Ms. Dupas’ and Ms. Dufour’s testimonies present, we find that FDS did not meet its burden of proving that no reasonable person could find that Ms. Dupas did not trip over the platform.
Second, FDS asserts that Ms. Du-pas failed to introduce any evidence upon which a reasonable person could find that the platform created an unreasonably dangerous hazard. In essence, it claims that although Mr. Jack R. Barnidge, an expert and certified safety professional, stated that the platform created a hazard, he did not say whether such a hazard was unreasonably dangerous. At the outset, we note that the term “unreasonably dangerous” refers to a conclusion which only the trier of fact [4may draw.[6] Moreover, Mr. Bar-nidge found the presence of scuff marks on the platform’s side, suggesting that it had been bumped into on other occasions. He noted that the platform did not have any toe space and that it invited patrons to reach over for merchandise. He explained that the platform’s base should have been painted with a contrasting color to distinguish it from the floor and opined that it presented an “obvious hazard.” He agreed that FDS “knew or should have known of the danger to M[s]. Dupas — that this particular display platform presented.” Thus, we find that the evidence and inferences allowed a reasonable person to find that the display presented an unreasonably dangerous condition. Accordingly, we affirm the trial court’s decision to deny FDS’ motion for a directed verdict.
Further, FDS alleges that the trial court’s decision, finding it liable to Ms. Dupas, was manifest error. It also asserts that the court abused, its discretion when apportioning fault and awarding general damages, both, to Ms. Dupas and to her husband. We have reviewed the record thoroughly and the relevant well-settled law and find that FDS’ remaining assignments of error are without merit. Accordingly, we affirm.
CONCLUSION
We find that the circumstantial evidence which Ms. Dupas introduced was sufficient to defeat FDS’ motion for a directed verdict and that there is no merit in FDS’ claim that the trial court manifestly erred or abused its discretion when determining liability, apportioning fault, or assessing general damages. We affirm the trial court’s decision and cast Defendants with all costs of this appeal.
AFFIRMED.

. Odom v. State of La. Through Dep’t of Health & Hosps., 98-1590 (La .App. 3 Cir. 3/24/99); 733 So.2d 91.

. Id.

. Id.

. Bernard v. Ferrellgas. Inc., 96-621, p. 5 (La.App. 3 Cir. 2/5/97); 689 So.2d 554, 557.

. Smith v. Toys ‘R’ Us. Inc., 98-2085 (La.11/30/99); 754 So.2d 209.

. Dupre’ v. Maison Blanche. Inc., 97-652 (La.App. 1 Cir. 4/8/98); 712 So.2d 567, writ denied, 98-1239 (La.6/19/98); 721 So.2d 471.