PER CURIAM.
I,Plaintiff brought a truck to Wal-Mart Tire & Lube Express (“Wal-Mart”) to have new tires mounted on the vehicle. After attempts to remove the lug nut on one of the tires proved unsuccessful, the Wal-Mart technician agreed to take plaintiff to the automotive service area to show him the problem.' The technician gave plaintiff a pair of safety goggles, and at plaintiffs request, agreed to allow plaintiff to use the lug wrench to attempt to loosen the nut. As plaintiff attempted to remove the lug nut, it snapped, causing plaintiff to suffer injury.
Subsequently, plaintiff filed the instant suit against Wal-Mart and its insurer. Defendants moved for summary judgment, arguing in part that Wal-Mart was not responsible for plaintiffs own negligence. The district court denied defendants’ motion, and the court of appeal denied defendants’ application for supervisory writs. This application followed.
If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Eisenhardt v. Snook, 08-1287 (La.3/17/09), 8 So.3d 541; Dauzat v. Curnest Guillot Logging, Inc., 08-0528 (La.12/2/08), 995 So.2d 1184. In the instant case, plaintiff testified he is a machinist who regularly uses a lug wrench, and typically services his own truck. He admitted he was using his body weight to put pressure on the lug in an attempt to turn it. ^Further, plaintiff conceded the wrench was not defective, and did not break. Based on these undisputed facts, we believe any risk from attempting to remove the frozen lug nut should have been obvious to plaintiff, and could have been avoided through the use of ordinary care. See Pryor v. Iberia Parish School Board, 10-1683 (La.3/15/11), 60 So.3d 594 (holding “[t]he evidence establishes plaintiff was aware of this open and obvious risk” and explaining “[s]he could have easily avoided any risk by using additional care ... ”). Therefore, defendants owe no duty to plaintiff.
Accordingly, the writ is granted. The judgment of the district court is reversed, and summary judgment is granted in favor of defendants.