STEWART, J.
|TIn this trip and fall case, PlaintiffiAp-pellant Sandra Primrose is appealing the trial court’s decision to grant Defendant/Appellee Wal-Mart Stores, Ine.’s (hereinafter referred to as ‘Wal-Mart”) motion for summary judgment. The trial court found that the exposed corners of the display were open and obvious and did not present an unreasonable risk of harm. For the reasons stated herein, we affirm the trial court’s judgment.
FACTS AND PROCEDURAL HISTORY
On September 8, 2009, Sandra Primrose tripped on a watermelon display at the Wal-Mart store in Minden, Louisiana. She retrieved a watermelon from the display, and subsequently tripped over a corner of the display as she was walking back to her shopping cart. Ms. Primrose, who was 73 years old at the time of her deposition, sustained a concussion and other serious injuries as a result of the accident.
Ms. Primrose filed suit for damages on September 8, 2010. On October 15, 2012, Wal-Mart filed a motion for summary judgment, and a hearing on the motion was held on December 4, 2012. After reviewing pictures of the area where Primrose tripped and fell, the trial court noted that he “does not see how it’s not open and obvious.” Wal-Mart’s motion was granted.
*15 Ms. Primrose now appeals, urging three assignments of error.
LAW AND DISCUSSION
In her first assignment of error, Ms. Primrose asserts that the trial court erred by using summary judgment to determine whether Wal-Mart’s conduct constituted negligence. In the second assignment, Ms. Primrose | ¡¡.asserts that the trial court erroneously determined that “the low protruding corner of the pallet” was open and obvious because that issue should not have been determined by a summary judgment. In her third and final assignment of error, Ms. Primrose argues that the trial court erred in finding that there are no genuine issues of material fact that preclude summary judgment. Since these assignments of error are interrelated, we will address them together to avoid repetition.
Ms. Primrose argues that the following issues of material fact should have precluded summary judgment:
1. Whether the protruding corner of the crate was visible to her under the circumstances presented in this case.
2. Whether the warning written on the side of the box near the protruding corner of the pallet was visible to her from the direction she was walking.
3. Whether the warning provided by Wal-Mart was adequate under circumstances presented in this case.
4. Whether Wal-Mart acted reasonably in not cutting the protruding corners of the pallet off or alternatively in not putting a square box instead of an octagonal shaped box on the square pallet so that the corners of the pallet did not protrude.
5. Whether Wal-Mart acted unreasonably by placing a trash can very near the watermelon display creating a very narrow path to walk by the display causing her to have to walk close to the watermelon display and the protruding corner of the crate.
6.Whether Wal-Mart knew or should have known that the customers’ act of carrying a watermelon back to their cart would obscure their view of the floor and the area near the floor.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Ricks v. City of Monroe, 44,811 (La.App.2 Cir.12/9/09), 26 So.3d 858, writ denied, 2010-0391 (La.5/28/10), 36 So.3d 247. Summary judgment procedure is designed to secure the “just, speedy, and inexpensive determination of every action, except those disallowed by La. C.C.P. art. 969.” The procedure is favored and shall be construed to accomplish those ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, *16 there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2).
A fact is material if it potentially ensures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is Lappropriate. King v. Illinois Nat. Ins. Co., 08-1491 (La.4/3/09), 9 So.3d 780; Dowdy v. City of Monroe, 46,693 (La.App.2d Cir.11/2/11), 78 So.3d 791.
Although the summary judgment procedure is favored and must be construed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law, factual inferences reasonably drawn from the evidence nevertheless must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. Ricks, supra; Freeman v. Teague, 37,932 (La.App.2 Cir.12/10/03), 862 So.2d 371.
Merchant liability for slip or trip and fall eases is governed by the Louisiana Merchant Liability Statute, La. R.S. 9:2800.6, which places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises. This statute provides:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of this cause of action, all of the following:
1. The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
|s3. The merchant failed to exercise reasonable care. In determining care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone to prove failure to exercise reasonable care.
C.Definitions:
1. “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
Additionally, La. C.C. art. 2317.1 states:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.
Failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 will prove fatal to the plaintiffs case. Harrison v. Horseshoe Entertainment, 36,294 (La.App.2d Cir.8/14/02), 823 *17 So.2d 1124; Richardson v. Louisiana-1 Gaming, 10-262 (La.App.5th Cir.12/14/10), 55 So.3d 893. Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risk of harm, and warn persons of known dangers. Jones v. Brookshire Grocery Co., 37,117 (La.App.2d Cir.5/14/03), 847 So.2d 43. The mere presence of a defect does not alone elevate that defect to the level of an unreasonably dangerous condition. Milton v. E & M Oil Co., 45,528 (La.App.2d Cir.9/22/10), 47 So.3d 1091. In addition to proving the above three elements, a plaintiff must come forward with positive evidence showing that the |6damage causing condition existed for some period of time and that such time was sufficient to place a merchant defendant on notice of its existence. White v. Wal-Mart Stores, 97-0393 (La.9/9/97), 699 So.2d 1081.
Defendants generally have no duty to protect against an open and obvious hazard. Dowdy, supra. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Caserta v. Wal-Mart Stores, Inc., 2012-0853 (La.6/22/12), 90 So.3d 1042.
In determining whether a condition is unreasonably dangerous, courts have adopted a four-part test. This test requires consideration of:
1. the utility of the complained-of condition;
2. the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition;
3. the cost of preventing the harm; and
4. the nature of the plaintiffs activities in terms of its social utility, or whether it is dangerous by nature.
Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify its potential harm to others. Reed v. Wal-Mart Stores, Inc., 97-1174 (La.3/4/98), 708 So.2d 362; Russell Morgan’s Bestway of La., L.L.C., 47,914 (La.App.2d Cir.4/10/13), 113 So.3d 448.
In this case, the affidavit of Scott Harnden, who was the store manager at this Wal-Mart location at the time of Ms. Primrose’s accident, was submitted as evidence. In this affidavit, Mr. Harnden stated that the |7corners of the display were visibly marked with warning signs. He further stated that this type of display was customarily used by Wal-Mart for the display of produce. More specifically, the display at issue had been used at this Wal-Mart location for the display of produce for a minimum of four years prior to the incident. Mr. Harnden stated that he was never advised of any incident involving this display prior to Ms. Primrose’s accident.
A review of the photos shows the visible warning signs posted on the corners of the display. A trash can is located near one side of the display, but it does not obstruct the path alongside the display.
When applying the four factors to determine if the display was unreasonably dangerous, we first find that the display’s utility is relatively high, since it had been used for at least four years to display produce. Addressing the second factor, we find that based on the display’s large size, coupled with the fact that there is no record of any incident involving the display prior to Ms. Primrose’s accident, the likelihood that a customer would be harmed by the display is slight. Although the cost of creating a different display or modifying the current display was not specifically addressed in the record, it has the potential of being costly. Addressing the final factor, we find that Ms. Primrose’s act of *18 transporting her watermelon from the display was not extraordinary, nor was it dangerous by nature.
We disagree with Ms. Primrose’s contention that Wal-Mart “created a trap” for her. Wal-Mart gave adequate warning via its “Watch Step” signs posted on each of the display’s corners. Additionally, Wal-Mart did not instruct her to pick her watermelon and take several steps around the display |swith it. We note that perhaps a safer option for Ms. Primrose would have been to push her shopping cart close to the display, and “scoop” her watermelon into her cart. That option would not have required her to take any steps, thus avoiding the unfortunate incident that occurred.
Based on these undisputed facts, we agree with the trial court’s decision to grant Wal-Mart’s motion for summary judgment, after it correctly determined that the exposed corners of the display were open and obvious and did not present an unreasonable risk of harm. Since Ms. Primrose failed to prove the necessary elements required to support her liability claim pursuant to La. R.S. 9:2800.6, we cannot impose any legal duty upon the defendant. Therefore, these three assignments of error have no merit.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Plaintiff/Appellant, Sandra Primrose.
AFFIRMED.