# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30787
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2016

Lyle W. Cayce
Clerk

VIRGIE RAY,

　　　　Plaintiff - Appellant

v.

STAGE STORES, INCORPORATED; SPECIALTY RETAILERS, INCORPORATED; NEW HAMPSHIRE INSURANCE COMPANY,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-631

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

　　　Appellant Virgie Ray filed suit in Louisiana state court to recover damages for injuries she sustained as a result of a trip and fall. Appellees removed to federal court and filed a motion for summary judgment, which the district court granted. Ray now appeals the district court's judgment, and we REVERSE.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30787

## I.

Appellant Virgie Ray used to shop at the Stage department store in Plaquemine, Louisiana about once a month. On November 1, 2013, Ray went to the Stage store and proceeded to the "Misses" department. Ray found a pair of pants that she wanted to buy, but was unable to find a matching blouse. Ray asked an employee for help, and the employee walked away with the pants to locate a match. Shortly after, Ray followed the employee, taking the same path through the store. As she attempted to walk between a clothing rack and a nearby register, Ray tripped on the base of the clothing rack and fell to the ground. Ray sustained serious injuries to her knees, face, shoulder, neck, and right eye. The entire incident was captured by a store surveillance camera.

Ray filed a petition for damages in Louisiana state court alleging that the clothing rack was a dangerous condition that created an unreasonable risk of harm. Appellees removed to federal court and filed a motion for summary judgment. They argued that the clothing rack was an "open and obvious" hazard, and thus did not create an unreasonable risk of harm. The district court agreed and granted summary judgment in favor of Appellees. The court reasoned that the "video evidence clearly show[ed] that the bottom of the rack was plainly visible and not covered or obscured by the clothes on the racks, any other clothing rack or the employees working the area." The district court also noted that Ray had made a "binding admission in which she *denied* that immediately before she tripped, she did not see the base or bottom of the clothing rack." Ray timely appealed to this Court.

## II.

We review the grant of summary judgment *de novo*.[1] Summary judgment is appropriate if the record demonstrates "that there is no genuine

---

[1] *Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014) (per curiam).

No. 15-30787

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment.  If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial."[3]

## III.

"This dispute is governed by Louisiana's premises liability statute, which provides that a claimant must prove (1) the condition that caused the injury created an unreasonable risk of harm, (2) the merchant created or had constructive notice of the condition, and (3) the merchant failed to exercise reasonable care."[4]  The district court concluded that Ray could not establish the first or the third element of her claim because the clothing rack was an "open and obvious" hazard.  Under Louisiana law, an "open and obvious" hazard generally does not present an "unreasonable risk of harm."[5]  In the same vein, a merchant's duty of reasonable care requires only that it protect customers from "unreasonably dangerous" hazards.[6]  The parties' dispute thus reduces to whether the clothing rack was an "open and obvious" hazard.

The Louisiana Supreme Court has recognized that "the mere presence of obstacles in a store, such as shopping carts, does not create an unreasonable risk of harm when the condition is open and obvious."[7]  Lower Louisiana courts

---

[2] Fed. R. Civ. P. 56(a).

[3] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (citation omitted) (internal quotation marks omitted).

[4] *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010) (citing La. Stat. Ann. § 9:2800.6).

[5] *See Bufkin v. Felipe's La., LLC*, 171 So. 3d 851, 856 (La. 2014); *Eisenhardt v. Snook*, 8 So. 3d 541, 844-45 (La. 2009) (per curiam).

[6] *See Primrose v. Wal-Mart Stores, Inc.*, 127 So. 3d 13, 17 (La. Ct. App. 2013).

[7] *Rodriguez v. Dolgencorp, LLC*, 152 So. 3d 871, 872 (La. 2014) (per curiam).

have similarly held that stationary obstacles, such as restocking carts or displays, represent "open and obvious" hazards.[8]  Appellees urge that these cases are fully applicable here, as the clothing rack was a stationary obstacle that Ray easily could have avoided.[9]  Appellees, however, fail to recognize a key distinction between these cases and the facts under review.  Ray does not contend that the clothing rack, as a whole, was not plainly visible.  She argues that the base of the rack jutted out in such a way as to create a tripping hazard.  Courts applying Louisiana law have almost uniformly concluded that an otherwise-visible obstacle that protrudes outward near ground level is not—at least as a matter of law—an "open and obvious" hazard.[10]  The logic of these decisions is that "a shopper's attention is usually directed to merchandise, not the floor."  As a result, "[s]omething on the floor which may cause a shopper to trip and fall when her attention is directed toward her purchases is a hazard."[11]

---

[8] *See, e.g.*, *Primrose*, 127 So. 3d at 17-18 (concluding that a watermelon display was an "open and obvious" hazard); *Russell v. Morgan's Bestway of La., LLC*, 113 So. 3d 448, 452-53 (La. Ct. App. 2013) (concluding that two stocking "carts side-by-side" were an "open and obvious" hazard).

[9] *See Pryor v. Iberia Par. Sch. Bd.*, 60 So. 3d 594, 598 (La. 2011) (per curiam) (explaining that the plaintiff "could have easily avoided any risk" posed by the "open and obvious" hazard); *see also Caserta v. Wal-Mart Stores, Inc.*, 90 So. 3d 1042, 1043 (La. 2012) (per curiam).

[10] *See, e.g.*, *Jones v. Arch Ins. Co.*, No. 12-2029, 2013 WL 5441354, at \*4 (W.D. La. Sept. 27, 2013) (concluding that a jury could find that a low shelf on an end cap display was not an "open and obvious" hazard because "the end cap display may have been open and obvious, but the low shelf, which was six inches off the ground, may not have been open and obvious"); *Nunez v. Dolgencorp, LLC*, No. 2:12-CV-630-PM-KK, 2013 WL 2458736, at \*9-10 (W.D. La. June 6, 2013) (concluding that a jury could find that a wooden clothing rack was not an "open and obvious" hazard "because the base support for the rack jutted out several inches into the aisle way"); *Johnson v. Cato Corp.*, No. 12-25, 2012 WL 4959623, at \*4 (M.D. La. Oct. 17, 2012) (concluding that a jury could find that a clothing rack was not an "open and obvious" hazard because "placing a [clothing] rack in the entrance way to a dressing room where the foot of that rack allegedly protrudes could be said to be a dangerous condition"); *Latter v. Sears Roebuck & Co.*, No. Civ.A. 03-1167, 2004 WL 242479, at \*3-4 (E.D. La. Feb. 5, 2004) (finding, in a bench trial, that a folding table "protruding into the passageway" with "flared legs" created "an unreasonable risk of harm").

[11] *Broussard v. Family Dollar Store*, 918 So. 2d 1148, 1151 (La. Ct. App. 2005); *see also Guerrero v. Brookshire Grocery Co.*, 165 So. 3d 1092, 1098 (La. Ct. App. 2015).

We find these cases persuasive.  Though the clothing rack as a whole was quite visible, a reasonable jury could conclude that the low-lying base, which jutted outward around ankle level, was not an "open and obvious" hazard.[12]  Indeed, the normal risk of a protruding obstacle was exacerbated in this case by the narrowness of the pathway between the rack and the register.[13]  And a reasonable jury could further conclude that the clothing rack was "unreasonably dangerous" under Louisiana's risk-utility balancing test.[14]  While the clothing rack had some utility, "[t]he likelihood and magnitude of harm to a customer" was "great" because the obstacle posed by the base of the rack was not "obvious and apparent."[15]  The cost of preventing the harm was also inconsequential—Appellees could have easily moved the rack to a different location or cordoned off the area behind the register—and Ray was not engaged in an inherently dangerous activity.  Accordingly, we conclude that the district court erred in granting summary judgment.  A jury should decide whether the clothing rack was "unreasonably dangerous."

In reaching this conclusion, we deem it irrelevant whether Ray admitted to seeing the base of the clothing rack.  The Louisiana Supreme Court recently reiterated that the relevant inquiry is whether an allegedly "open and obvious" hazard is "open and obvious" *to all*, not just the plaintiff.[16]  The

---

[12] We caution that a reasonable jury could also find the opposite.  *See Calderone v. Dorignac's Food Ctr., Inc.*, 734 So. 2d 152, 154 (La. Ct. App. 1999) (concluding that the "jury must have found either that the [obstacle] was not protruding into the aisle or, even if it was, that it was in plain view and should have been seen by anyone walking through the check-out aisle in time to avoid stumbling over it").

[13] *See Latter*, 2004 WL 242479, at *3 (remarking that "[t]he risk of serious injury to a customer, especially an elderly or infirm customer, was great" in part because the folding table was "too close to the clothing racks").

[14] *See Butler v. Int'l Paper Co.*, No. 15-30674, 2016 WL 181254, at *2-3 (5th Cir. Jan. 14, 2016) (discussing test).

[15] *Guerrero*, 165 So. 3d at 1098.

[16] *See Broussard v. State ex rel. Office of State Bldgs.*, 113 So. 3d 175, 188 (La. 2013) ("[I]n order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition.").

plaintiff's knowledge may lead to the inference that others were aware of the hazard,[17] but the question is one of "global knowledge."[18]  Under this standard, evidence of Ray's knowledge is insufficient to establish that the rack was an "open and obvious" hazard.[19]  We also reject the relevance of the non-Louisiana authority cited by Appellees.  Most of these cases did not involve an obstacle that protruded or flared into a pathway near ground level.  The only one that did, *Cudney v. Sears, Roebuck & Co.*, expressly noted that the clothing rack in question did not have "an unusual design that caused a tripping hazard."[20] The evidence here suggests that the clothing rack—which was a restocking rack that differed from the permanent clothing racks[21]—may have had such "an unusual design."   To the extent it did not, *Cudney* has limited persuasiveness as a decision of Michigan law.

## IV.

For the reasons stated above, we REVERSE the district court's grant of summary judgment and REMAND for further proceedings consistent with this opinion.

---

[17] *See Butler*, 2016 WL 181254, at *2.

[18] *Broussard*, 113 So. 3d at 188.

[19] Ray's knowledge may be sufficient to establish comparative fault though.  *See id.* at 188-89.

[20] 21 F. App'x 424, 430 (6th Cir. 2001).

[21] *See* R.601 (describing the clothing rack as a "rolling freight clothing rack" that differed from a "standard clothing rack").