STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-546

GERRY SEXTON

VERSUS

TRAVELERS INDEMNITY COMPANY

OF CONNECTICUT, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 265,331
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Sharon Darville Wilson, Judges.

AFFIRMED.

**Charles C. Garrison**
**Caffery, Oubre, Campbell & Garrison, L.L.P**
**100 E Vermillion St. Suite 201**
**Lafayette, LA 70501**
**(337) 232-6581**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **National Trust Insurance Company**
    **Kevin Guidry Produce Market**

**H. Bradford Calvit**
**Eli J. Meaux**
**Provosty, Sadler & deLaunay, APC**
**934 Third Street, Suite 800 (71301)**
**P.O. Box 13530**
**Alexandria, LA 71315-3530**
**(318) 445-3631**
**COUNSEL FOR DEFENDANTS/APPELLEES**
    **Travelers Indemnity Company of Connecticut**
    **Brookshire Grocery Company, Doing Business As Super One Foods**

**Matthew D. Hemmer**
**Morris Bart, L.L.C.**
**602 Poydras Street, 24th Floor**
**New Orleans, Louisiana 70130**
**(504) 599-3339**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Gerry Sexton**

**WILSON, Judge.**

In this trip and fall case, Plaintiff, Gerry Sexton, appeals the trial court's decision to grant the motion for summary judgment filed by Defendants, Brookshire Grocery Company doing business as Super One Foods (Brookshire) and its insurer, Travelers Indemnity Company of Connecticut (Travelers). For the reasons expressed below, we affirm the judgment of the trial court.

I.

## ISSUES

In this appeal we must decide:

(1)     whether the trial court acted contrary to this Court's decision in *Dupas v. Travelers Property Casualty Insurance Co.*, 00-12 (La.App. 3 Cir. 5/3/00), 762 So.2d 127, *writ denied*, 00-1541 (La. 6/30/00), 766 So.2d 548, when it improperly ruled on summary judgment that the unpainted pallet protruding from beneath the watermelon display was not unreasonably dangerous despite the absence of any warnings; and

(2)     whether the trial court improperly granted summary judgment without inferring the evidence in a light most favorable to Ms. Sexton, the non-moving party, by weighing competing evidence of whether or not the subject pallet was painted blue.

II.

## FACTS AND PROCEDURAL HISTORY

On August 25, 2018, Mrs. Sexton went to the Super One in Alexandria with her husband to purchase a watermelon. Upon entering the store, Mr. Sexton retrieved a cart, and the couple proceeded directly to the produce section where the watermelons were located. The watermelon display consisted of a large octagonal cardboard box sitting atop a square pallet. The corners of the pallet were not covered

by the box. Mr. Sexton walked ahead of his wife to the far side of the display and began looking for a watermelon. After finding a suitable melon, Mr. Sexton called his wife over to him. Mrs. Sexton tripped and fell while walking around the left front corner of the display. After the fall, Mrs. Sexton laid on the floor with her feet stretched out and holding her hip. Store employees arrived and called for an ambulance. As a result of the fall, Mrs. Sexton suffered a fractured hip.

On June 13, 2019, Mrs. Sexton filed a petition for damages naming Travelers, Brookshire, and G-MC Produce, LLC, as defendants. Mrs. Sexton alleged that she tripped over a portion of the pallet that was protruding from underneath the container. This, she claims, constituted an unreasonably dangerous hazard, and Defendants were liable under La.Civ.Code arts. 2317 and 2317.1 as well as La.R.S. 9:2800.6. At the request of Defendants, the case was removed to the United States District Court for the Western District of Louisiana. G-MC Produce, LLC, was dismissed from the case and Mrs. Sexton amended her petition to add The Original Kevin Guidry Produce Market, Inc., and National Trust Insurance Company (Guidry) as defendants. The case was then remanded to state court on June 25, 2021.

Through discovery, Mrs. Sexton discovered that Guidry only delivered the watermelons and Brookshire was solely responsible for the subject display. On January 4, 2022, Guidry filed a motion for summary judgment. Brookshire and Travelers filed a motion for summary judgment on February 15, 2022, contending that Mrs. Sexton will be unable to meet her burden at trial as she cannot show that her fall was caused by an unreasonably unsafe condition and that the display was an open and obvious condition. On April 25, 2022, a hearing was held on the motions.

2

Mrs. Sexton did not oppose the dismissal of Guidry, their motion was granted that day, and Guidry was dismissed with prejudice.

After hearing arguments, the trial court found that the picture submitted by Defendants was an accurate photo, depicting a blue pallet and arrows, and the pallet was not unreasonably dangerous. The motion for summary judgment was granted and a final judgment dismissing Brookshire and Travelers was entered on May 6, 2022. Mrs. Sexton now appeals.

III.

## STANDARD OF REVIEW

Appellate courts review summary judgments de novo, applying the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991).

IV.

## LAW AND DISCUSSION

The heart of Mrs. Sexton's appeal is whether the trial court properly granted Defendants' motion for summary judgment. A motion for summary judgment shall only be granted when the motion, memorandum, and supporting documents show there are no genuine issues of material fact, and the mover is entitled to judgement as a matter of law. La.Code Civ.P. art. 966(A)(3). If the mover will not bear the burden of proof on the issue at trial, the mover's burden only requires the mover to "point out to the court the absence of factual support for one or more elements essential to the adverse party's claim[.]" La.Code Civ.P. art. 966(D)(1). Once the mover has successfully done this, the burden shifts to "the

3

adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

> A court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law, pursuant to LSA-C.C.P. art. 966(B).
>
> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion there is no need for a trial on that issue[,] and summary judgment is appropriate.
>
> Because it is the applicable substantive law that determines materiality, whether a particular fact is in dispute is "material" for summary judgment purposes can only be seen in the light of the substantive law applicable to the case.

*Jackson v. City of New Orleans*, 12-2742, pp. 5-6 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S. 869, 135 S.Ct. 197 (2014) (citations omitted).

Although Mrs. Sexton asserted claims under La.Civ.Code arts. 2317 and 2317.1, the sole legal authority for her claim is La.R.S. 9:2800.6. *See Roberts v. Hartford Fire Ins. Co.*, 05-1178 (La.App. 3 Cir. 4/5/06), 926 So.2d 121, *writ denied*, 06-1056 (La. 6/23/06), 930 So.2d 984. Louisiana Revised Statutes 9:2800.6(B) sets out Mrs. Sexton's burden of proof as follows:

> In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In her petition, Mrs. Sexton asserts that she tripped on a portion of the pallet that was protruding from underneath the container causing her to fall. She alleges that the pallet underneath the container was not readily observable or discoverable by customers and constituted an unreasonably dangerous hazard. Mrs. Sexton further alleges that she was unlikely to notice the protruding pallet due to the lack of warning or markings to draw attention to a protrusion at foot level.

On summary judgment, Brookshire and Travelers argued that Mrs. Sexton would be unable to meet her burden to show that her fall was caused by the presence of an unreasonably unsafe condition. In support of their motion for summary judgment, Brookshire and Travelers offered the deposition testimony of Mr. and Mrs. Sexton, deposition testimony of Cooper Hendricks, the produce manager, deposition testimony and affidavit of Scott Lachney, assistant store manager, and the corporate deposition of Guidry Produce through its representatives, Kevin and Johnny Guidry.

Defendants first argue that Mrs. Sexton will be unable to prove what caused her fall because there is no eyewitness description of the actual mechanism of the fall. We disagree. In her deposition testimony, Mrs. Sexton clearly stated that she "tripped over the left front corner of the pallet." Although she testified that she did

5

not see the pallet, she is not limited to her sense of sight in determining what caused her to trip. Additionally, Mr. Sexton testified that his wife tripped over the exposed edge of the pallet. While he admits that he could not see her feet, he was looking at her when she fell and he knew what she tripped over because there was nothing else for her to trip over. Based on this testimony, a reasonable person could find that, more probable than not, Mrs. Sexton's fall was caused by tripping over the pallet's exposed corner.

Although Mrs. Sexton was able to establish a genuine issue as to whether the pallet caused her fall, she stills bears the burden of proving that the condition was an unreasonable risk of harm, and that risk of harm was reasonably foreseeable.

> In determining whether a condition is unreasonably dangerous, courts have adopted a four-part risk-utility balancing test. This test requires consideration of:
>
> > (1) the utility of the complained-of condition;
> >
> > (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition;
> >
> > (3) the cost of preventing the harm; and
> >
> > (4) the nature of the plaintiff's activities in terms of its social utility or whether it is dangerous by nature.
>
> *Hutchinson v. Knights of Columbus, Council No. 5747*, 2003-1533 (La.2/20/04), 866 So.2d 228, 235. Simply put, the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others. *Reed v. Wal-Mart Stores, Inc.*, 97-1174 (La.3/4/98), 708 So.2d 362, 365.

*Moore v. Murphy Oil USA, Inc.*, 15-96, p. 15 (La.App. 1 Cir. 12/23/15), 186 So.3d 135, 147, *writ denied*, 16-444 (La. 5/20/16), 191 So.3d 1066.

Defendants argue that Mrs. Sexton will be unable to prove an unreasonably dangerous condition because the complained of condition was open and obvious.

> A defendant generally does not have a duty to protect against that which is obvious and apparent. In order for an alleged hazard to be considered obvious and apparent, the condition should be one that is open and obvious to everyone who may potentially encounter it. *Bufkin [v. Felipe's La., LLC*, 14-288 (La.10/15/14)], 171 So.3d [851,]856. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. *Helwig v. H.P.B., Inc.*, 15-389 (La.App. 5 Cir. 12/23/15), 182 So.3d 1169.

*Upton v. Rouse's Enter., LLC*, 15-484, p. 8 (La.App. 5 Cir. 2/24/16), 186 So.3d 1195, 1200, *writ denied*, 16-580 (La. 5/13/16), 191 So.3d 1057.

In support of its argument, Defendants point to *Upton*, 186 So.3d 1195, and *Primrose v. Wal-Mart Stores, Inc.*, 48,370 (La.App. 2 Cir. 10/2/13), 127 So.3d 13. In *Upton*, the plaintiff fell after getting her foot stuck in the pallet below a watermelon display.  In support of summary judgment, photographs of the display were introduced which showed, "the box is constructed so that the [corners] are clipped on an angle to reveal the [corners] of the pallet underneath, and that there are yellow and black arrows along the entire length of the clipped angles pointing downward to draw attention to the pallet." *Upton*, 186 So.3d at 1202.  Additionally, the assistant manager testified that in his twenty-eight years in the supermarket business, he had never been advised of any accidents involving displays such as the one at issue.  The court in *Upton* noted that "a pallet does not inherently pose an unreasonable risk of harm[,]" and held that "the display in the instant case is a condition any customer would reasonably expect to encounter in the produce department of a grocery store, and it presents no unreasonable risk of harm to a

7

customer exercising reasonable care." *Id*. In support of its holding, the fifth circuit cited and discussed *Primrose*,which also involved a plaintiff tripping over a watermelon display. In *Primrose*, the store manager stated that the corners of the display were marked with warning signs, this type of display had been customarily used for produce for a minimum of four years, and he had never been advised of any accident. Photos also showed the visible warning signs posted on the corners of the display. The second circuit affirmed the grant of summary judgment holding that "the exposed corners of the display were open and obvious and did not present an unreasonable risk of harm. Since Ms. Primrose failed to prove the necessary elements required to support her liability claim pursuant to La. R.S. 9:2800.6, we cannot impose any legal duty upon the defendant." *Primrose*, 127 So.3d at 18.

In the present case, Defendants presented the testimony of the Super One produce manager, Cooper Hendricks. Mr. Hendricks testified that all the bins have arrows with "watch step" printed on them. He also testified that he had worked around pallets for years and this was the first case he had ever heard of someone tripping over a pallet. The assistant store manager, Scott Lachney, testified that the pallet Mrs. Sexton tripped over "was a blue pallet and it wasn't broken on the sides." The representatives of Guidry Produce testified that they deliver produce to stores all over the state, the watermelons are delivered in the bins on pallets and "99% of the melons that are displayed in the stores are put out just like that." They further testified that watermelons in a box on a pallet is a safe way to display watermelons for customers, and the boxes come with arrows telling customers to watch their step.

In addition to deposition testimony, Defendants submitted a photograph of the display into evidence. That photograph was identified by the store employees as depicting the pallet at the time of the fall. It clearly shows a watermelon box on top

of a blue pallet along with a red caution arrow at the exposed corner of the pallet. Considering all of this evidence, we find that defendants met their burden of proving that the exposed corners were open and obvious and did not present an unreasonable risk of harm.

Once Defendants supported their motion for summary judgment with evidence that Mrs. Sexton would be unable to show an unreasonably dangerous condition, the burden shifted to Mrs. Sexton to show that such a condition existed. Mrs. Sexton was unable to offer any evidence to refute that the condition was open and obvious and therefore, not unreasonably dangerous. The evidence offered by defendants revealed that while the display contained protruding pallet corners, the box contained markings warning of the hazard.

In her first assignment of error, Mrs. Sexton argues that the trial court acted contrary to its decision in *Dupas,* 762 So.2d 127, when it improperly ruled on summary judgment that the unpainted pallet protruding from beneath the watermelon display was not unreasonably dangerous despite the absence of any warnings. Mrs. Sexton overstates the holding of *Dupas*. That case involved a motion for directed verdict; thus, defendants had to prove that plaintiff failed to introduce any evidence upon which a reasonable person could find the display created an unreasonably dangerous hazard.

In *Dupas* the plaintiff fell while trying to grab a broom from a display. The display consisted of upside-down brooms in a trashcan on one side of a pallet. Plaintiff's safety expert testified that the pallet had scuff marks on the platform's side, which suggest others had bumped into it; the platform had no toe space, and that invited patrons to reach over for merchandise; the platform's base should have been painted a contrasting color; and it presented an obvious hazard. This court held

that this evidence and the inferences drawn from it allowed a reasonable person to find that the display was unreasonably dangerous.

Mrs. Sexton argues that the open and obvious nature of the pallet hinges on whether the pallet was painted blue, and genuine issues existed concerning the color of the pallet. However, this court never declared that unpainted pallets are per se unreasonably dangerous. Unlike Ms. Dupas, Mrs. Sexton has not presented any expert testimony considering the safety of the pallet in the instant case or the need for painting the pallet. Furthermore, Mrs. Sexton has failed to prove that the pallet in question was in fact unpainted or that there was an absence of any warnings.

The testimony of Mrs. Sexton and her husband is devoid of any description of the pallet on the day of the fall, as neither party looked at the pallet. In support of her assertion that the subject pallet was brown rather than blue, Mrs. Sexton submitted a photograph taken by her husband depicting a brown pallet under a watermelon display. However, both Mr. and Mrs. Sexton admitted that this photograph was not taken on the day of the fall, and no witness could identify it as representing the display as it appeared on the day of the fall. Scott Lachney stated that the photo differed from the pallet on the day of the fall because the pallet from the fall was blue.

Mrs. Sexton also offered video footage and still images from the store's surveillance camera. While the video contains footage from the day of Mrs. Sexton's fall, the camera is of such low quality and positioned at such a distance that it is difficult to determine anything. When shown the footage, Mr. Lachney was asked if he could see blue paint on the pallet, to which he responded that he could not. Mrs. Sexton asserts that this created a genuine issue as to the color of the pallet. This court has viewed these images, and we disagree. The still shots from the footage are

10

incredibly blurry, and while Mr. Lachney admitted he could not see any blue on the pallet, we did not see any brown on the pallet either. What could be seen from the photos, however, was the fact that the pallet was not the same color as the box on top. These photos are simply insufficient to establish the existence of a brown pallet.

Mrs. Sexton asserts the trial court improperly granted summary judgment without inferring the evidence in a light most favorable to Ms. Sexton by weighing competing evidence of whether the subject pallet was painted blue. Mrs. Sexton is correct that the trial court must refrain from weighing evidence. Factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in favor of the opponent to summary judgment. *Willis v. Medders*, 00-2507 (La. 12/8/00), 775 So.2d 1049. However, in order to weigh evidence, competing evidence has to be submitted. In finding that the display was not unreasonably dangerous, the trial court noted that Defendants' photo depicting a blue pallet was accurate, and the display was appropriately labeled with warnings. Although it appears that the trial court engaged in weighing the evidence, there was not any competing evidence submitted in this case. As previously discussed, neither the testimony nor the photographs submitted by Mrs. Sexton supported an inference that the pallet in question was not blue. "Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact." *Sears v. Home Depot, USA, Inc.*, 06-201, p. 12 (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 2006-2747 (La. 1/26/07), 948 So.2d 168.

All of the submitted evidence makes it clear that the display contained warning marks on the display box. Even the photograph containing a brown pallet submitted by Mrs. Sexton shows visible warning signs on the corners of the display.

11

This further corroborates the testimony of Guidry and Cooper Hendricks that all the boxes come with safety arrows marked on the side. Mrs. Sexton failed to offer any evidence refuting the existence of these warnings. Given the undisputed fact that the display box contained visible warning signs at the corners, the exposed corners were open and obvious to all and presented no unreasonable risk of harm to a customer exercising reasonable care.

We find that Defendants properly supported their motion for summary judgment and established that the complained of condition was not unreasonably dangerous as it was open and obvious. Mrs. Sexton failed to present sufficient evidence of any genuine issue of material fact to defeat the motion for summary judgment.

V.

**CONCLUSION**

For the foregoing reasons, the judgment of the trial court granting Defendants motion for summary judgment is affirmed. All costs of this appeal are assessed against the appellant, Gerry Sexton.

**AFFIRMED.**